The Chancellor.
A rehearing in equity rests in the discretion of the court. Mills v. Banks, 3 P. W. 8; Travis v. Waters, 1 Johns. Ch. R. 48.
It is not by the courts of this country regarded so much a matter of course as it is in the English practice. Land v. Wickham, 1 Paige 256; Decarters y. La Farge, Ibid. 574; Field v. Schieffelin, 7 J. C. R. 256; Daniel v. Mitchell, 1 Story 198; Walsh v. Smyth, 3 Bland 27.
But the court always inclines to grant it upon the usual certificate of counsel, if upon the matters stated in the petition there is apparent ground for apprehending that an error has been committed or injustice done by the decree, or if there is reason for believing that a further and fuller argument will shed new light upon the controversy or advance the ends of justice. After a careful consideration of the application in this case, I have been unable to discover any ground upon which it can with propriety be granted.
The petition does not disclose a proper case for a rehearing. The ground on which it rests does not affect the merits of the controversy, nor is it a matter by which the petitioners are or can be aggrieved. It relates to an incidental and preliminary inquiry, rather than to the merits of the question at issue. Its only effect, if maintained, would be not to decide the matter in controversy, but to turn the complainants out of court as improper parties in the cause, and leave the controversy undecided. Its inevitable effect must be to create groat delay, without effecting the substantial ends of justice.
The original bill was filed by the Zinc Company to restrain the New Jersey Franklinite Company from mining and removing certain ores, claimed by the complainants, from a *312 mine in the possession of the defendants. The answer of the Eranklinite Company denied the title of the complainants, and claimed title in themselves. The whole controversy under the original suit was one of title to the ores. Was the title in the Zinc Company or in the Franklinite Company? This was the sole issue raised by the pleadings. Pending the controversy, a bill, in the nature of a supplemental bill, was filed by the Boston Franklinite Company against both the complainants and the defendants in the original suit, claiming that they had acquired the rights of the New Jersey Franklinite Company, the original defendants, asking to be admitted defendants, to make the same defence that the Franklinite Company could have made, and to have the benefit of their answer and all the evidence taken in the cause. They also charged, by their bill, that the Zinc Company had entered upon the premises, and were removing the ores in controversy, and asked that they should be restrained by injunction from further operations until the determination of the controversy, and that they should account for the ores illegally taken.
No answer was filed to this bill by the New Jersey Franklinite Company, and the bill was taken as confessed as against them. They did not then deny the title of the Boston Company, nor would they be permitted to do it now. So far as this suit is concerned, their rights are concluded by the interlocutory decree. Nor did the Zinc Company, by their answer, deny that the Boston Company had acquired the title of the original defendants, or their right to be substituted as defendants, and to maintain the controversy in their stead. On the contrary, they answered that they believed it to be true that the Boston Franklinite Company, had succeeded to the rights of the New Jersey Franklinite Company; and upon due proof being made that the Boston Franklinite Company had acquired such rights, they were willing that they should be made defendants in the original suit, subject to the answer of the New Jersey Franklinite Company. By this answer they waived no right, but they made no issue upon the title *313 of the Boston Company, because to them and to their rights it was a matter of total indifference whether the title was in the New Jersey, or the Boston Franklinite Company. By their answer, they simply reaffirmed the title set up by them in the original bill to the ores in controversy, and denied the title of the original defendants.
The same issues were in fact made by the answer to the supplemental bill as were made under the original bill. The question, and the only question at issue was, whether the title to the ores in controversy was in the Zinc Company or the New Jersey Franklinite Company, the parties to the original suit. The change of parties did not change the issue or the nature of the controversy.
Upon this state of the pleadings, a decree pro eonfesso having been taken against the original defendants, the New Jersey Franklinite Company, and that decree remaining in full force against them, it may well be doubted whether there would be any ground whatever for a rehearing, if the complainants in the supplemental bill had offered no evidence whatever of their title; inasmuch as the decree, for the purpose of this suit, would conclude the rights of the original defendants, and effectually protect the rights of the Zinc Company.
But the Boston Company have not rested their rights upon the effect of the interlocutory decree. They sustain the allegations of their hill by proof that the premises in dispute were mortgaged by the Now Jersey Franklinite Company to Oakes Ames; that the mortgage having become forfeited, the mortgagee obtained a decree for foreclosure and sale of the mortgaged premises, and that by virtue of an execution issued upon said decree, the mortgaged promises were sold and conveyed by the sheriff of Sussex to Ames, the mortgagee, who subsequently conveyed all his interest to the Boston Company.
The complainants therefore show at least a clear prima facie title to all the rights of the New Jersey Franklinite Company in the mortgaged premises. The petitioners, in *314 •their petition for a rehearing, do not question the validity of the mortgage to Ames, nor do they deny that the premises were sold by virtue of an execution out of this court upon a decree of foreclosure; that they were purchased by the mortgagee, and by him conveyed to the Boston Company. But they allege that there was no decree upon which any execution could issue, and that the execution was delivered to the sheriff, and the premises sold while the Court of Chancery was closed for the want of a chancellor, and that during that period no officer could receive or execute any writ of that court, because the powers and functions of the court were suspended.
It is unnecessary to intimate any opinion whatever as to ■the value or force of the objection to the legality of the decree and execution, if properly presented for consideration; but I am clearly of opinion that the motion for a rehearing should be denied.
1. Because the matters alleged in the petition are not put in issue by the pleadings, and do not affect the real question at issue between the-parties.
2. Because it is a matter of total indifference to the Zinc Company, so far as it affects the result of this cause, whether the title to the ores is in the New Jersey Company or in the Boston Company, or by which of those companies the suit is conducted or defended.. In either event the issue and the effect of the decree upon the rights of the Zinc Company are the same.
- 3. Because the question sought to be raised by the petition is one between the New Jersey Franklinite and the Boston Franklinite Company, and proper to be litigated between them; and the failure of the New Jersey Company to answer the charges of" the supplemental bill, and the decree pro confesso against them, concludes their rights for the purposes of this suit, and fully protects the rights of the Zinc Company.
4. Because when-the complainants, in a supplemental bill-claiming to have acquired the rights of the defendants in the *315 original bill, have been admitted to defend in their stead by the assent or tacit acquiescence of those whose rights they claim, and have shown a prima facie title to the property in dispute, the court will not permit the adverse party, after hearing, to draw in question the validity of that title.
5. Because if, as alleged in the petition, the decree and execution are invalid, and no title passed by the sheriff’s sale, the complainants in the supplemental bill are nevertheless entitled to maintain their claim, and to be made defendants in the original suit. The validity of the mortgage to Ames, or of the conveyance from him to the Boston Company, is not impeached. They have all the right and title of the mortgagee in possession. If the decree is void, the mortgage and the title under it are in force. As mortgagees before foreclosure, they are in equity entitled to defend their right to the mortgaged premises, to an injunction to restrain waste, and to an account of the property wasted. This is all the decree gives them.
The application for a rehearing is denied.