THE CHESAPEAKE AND OHIO RAILWAY COMPANY, complainant,

*v.*

ATLANTIC TRANSPORTATION COMPANY, defendant.

[Filed March 11th, 1901.]

A franchise tax levied by the state during the receivership of an insolvent corporation is entitled to payment 'n preference to the liabilities incurred by the receivers in carrying on the business of the insolvent corporation, but not to payment in preference to the receivers' allowance and the expenses of winding up the corporation.

On appeal of the State of New Jersey from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *17 Dick. Ch. Rep. 369.*

*Mr. Samuel H. Grey* (attorney-general), for the state.

*Mr. Charles L. Corbin,* for the receiver.

The opinion of the court was delivered by

GARRISON, J.

The decree of the chancellor appealed from recites that the assets of an insolvent corporation were not sufficient to satisfy the liens thereon and the expenses of the receivership, and that the receivers had incurred heavy liabilities in carrying on the business of the corporation at a loss, and that a franchise tax levied by the state during the receivership had not been paid. The attorney-general contended that this tax was entitled to preference in payment. The decree

"ordered, adjudged and decreed that the application of the attorney-general for the payment of franchise taxes to the state in preference to the receivers' allowance, and to the expenses of administration and to the liabilities incurred by the receivers in the course of administration, be denied."

From this decree the attorney-general has appealed.

Within the principle upon which the case of *United States Car Co.* v. *Crews, 12 Dick. Ch. Rep. 357,* was decided in this court, the decree appealed from in the present case was correct in so far as it denied the application of the attorney-general for the payment of the franchise tax to the state in preference to the receivers' allowance and the expenses of winding up the corporation, and it was incorrect in so far as it denied the application of the attorney-general for payment of the franchise tax in preference to liabilities, other than such expenses, incurred by the receivers of the insolvent company in carrying on the business or other course of administration of its affairs. To effect this modification a reversal of the decree of the court of chancery will be necessary.

*For reversal*—The Chief-Justice, Van Syckel, Dixon, Garrison, Gummere, Collins, Fort, Garretson, Hendrickson, Krueger, Adams, Vredenburgh, Voorhees—13.

*For affirmance*—None.