power, in his discretion, to grant the request of the testatrix's nieces. This suit for the construction of the will is maintainable under the Chancery act, 1915. *P. L. 1915 p. 184 § 9.* See *In re Ungaro, 88 N. J. Eq. 125; Snyder* v. *Taylor, 88 N. J. Eq. 513.*

Decree will be settled on motion and on notice.

ISIDORE SCHREIBER

*v.*

JOSEPH GREEN et al.

ALLISON DODD

*v.*

JOSEPH GREEN et al.

[Decided July 17th, 1919.]

1. Rents collected by a receiver in a foreclosure suit will be disbursed according to the order of priority ascertained by the final decree irrespective of the party upon whose application the receiver was appointed.

2. Ordinarily, a stranger to a suit has no standing to claim rents collected by a receiver.

On bill, &c.

*Mr. Harry T. Davimos,* for the complainant, Schreiber.

*Messrs. Warner & Warner,* for the trustee in bankruptcy of Joseph Green.

*Mr. William A. Calhoun,* for the Second National Bank of Orange and the receiver.

This matter was referred to Merritt Lane, Esq., advisory master, who filed the following conclusions:

"On May 9th, 1918, a bill was filed by Schreiber against Green and Otterbein, alleging that certain property described in the bill, the legal title of which stood in Green, belonged to Schreiber, Green and Otterbein as tenants in common. The bill prayed for a determination of the rights of the parties and, if necessary, a partition or division of the premises. On or about the date of filing of the bill, on application of complainant, a receiver was appointed of the rents, issues and profits. In July, 1918, in a suit instituted by Dodd against Green and others to foreclose a mortgage covering a portion of the property referred to in the Schreiber suit, the individual acting as receiver in the Schreiber suit was appointed to act as receiver of the rents, issues and profits of the property being foreclosed. The Second National Bank of Orange held a second mortgage which was duly proved. In the month of April, 1919, the mortgaged premises were sold by the sheriff. There remains due to the bank on account of its mortgage the sum of some $19,000. In the meantime, mortgages upon the property referred to in the Schreiber suit, not referred to in the Dodd suit, had been foreclosed and the equity of Schreiber, Green and Otterbein obliterated. The parties in the Schreiber suit have now agreed to a final decree adjudging that the interest of Schreiber, Green and Otterbein is each one-third. The receiver has filed a report in each case showing the amount of rents which he has collected and the balance which he has on hand. The bank moves for an order directing the receiver to pay the rents on hand collected by him in each case to it, on account of its deficiency. The parties in the Schreiber suit move for an order directing the receiver to pay all the moneys which he has on hand in both cases to them.

"My conclusion is that the bank is entitled to the balance on hand in the foreclosure suit, and that the parties in the

*Schreiber Case* are entitled to the balance on hand in that case.

"It is settled, now, in this state that where a receiver is appointed in a foreclosure suit he acts for the benefit of all parties to the suit claiming an interest in the property. *New Jersey Title Guarantee and Trust Co.* v. *Cone & Co., 64 N. J. Eq. 45* (at *p. 47*) ; *Last* v. *Winkel, 86 N. J. Eq. 256; affirmed, 86 N. J. Eq. 481.* In *Longdock Mills and Elevator Co.* v. *Alpen, 82 N. J. Eq. 190,* cited as authority to the contrary, it appears that the petitioner for the rents was a total stranger to the suit. Notwithstanding, therefore, the fact that the receiver in the Dodd suit was not applied for on behalf of the Second National Bank the balance in hand, after deduction of allowances, will be ordered paid to the bank.

"The bank bases its claims to the rents collected in the Schreiber suit upon the ground that there is still a deficiency due it upon its mortgage, and that that mortgage covered the whole or a part of the property referred to in the Schreiber suit, and also upon the ground that the Schreiber suit involved a general administration of the affairs of a partnership, and that it, as a creditor, is entitled to protection. The bank is a stranger to the Schreiber suit, and it is immaterial whether its mortgage covers the property or not. *Coddington* v. *Bispham (Court of Errors and Appeals), 36 N. J. Eq. 574; Longdock Mills and Elevator Co.* v. *Alpen, supra.* An inspection of the record in the Schreiber suit indicates that it was not brought for the purpose of administering the affairs of the partnership and the suit is not in any sense for general administration. The bill prays for an adjudication of rights in real estate and for a partition thereof. The balance of the rents in the hands of the receiver in the Schreiber suit, after deducting allowances, will be ordered paid one-third to Schreiber, Green and Otterbein each."

WALKER, CHANCELLOR.

An order will be made in conformity with the advice contained in the conclusions of Advisory Master Lane, which are hereby adopted as the opinion of the court.