ARNOLD J. WALSER, receiver of James Billington & Son, a corporation, et al., appellants

*v.*

NORTHERN VALLEY BUILDING CORPORATION, respondent.

[Submitted May term, 1931.  Decided October 19th, 1931.]

*Messrs. Gross & Gross,* for the appellants.

*Messrs. Lichtenstein, Schwartz & Friedenberg* and *Mr. J. Fisher Anderson,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

The appeal in this case is from an order of the court of chancery directing the receiver of the Northern Valley Building Corporation to pay the current taxes on an apartment house in the city of Englewood.

The receiver was appointed September 17th, 1928, and in the order of appointment he was directed to continue the business of the corporation, which consisted only of operating the apartment house property.  During the period of operation by the receiver the taxes on the property for the year 1929 fell due, and the Central Storage and Realty Company, holder of a second mortgage, filed its petition setting forth that the property was subject to a first mortgage which was being foreclosed; that the taxes were unpaid; and that the

receiver of the apartment property held in his hands moneys collected from rentals amounting to $18,000, and praying the court for an order directing the receiver to pay the taxes out of the proceeds of the moneys in his hands. To this application objection was raised by the appellant (receiver of James Billington & Son under appointment of the United States district court), but the application was granted and an order made directing the receiver of the Northern Valley Building Corporation to pay the taxes thus accrued.

We think the order was properly made. The taxes were a charge on the property paramount to all other claims. The receiver was operating the apartment as a going business. As such we think he was necessarily obliged to pay the current charges and expenses incident to such operation. In considering such charges and expenses it is difficult to distinguish between repair bills, water rents, insurance on the one hand and the yearly recurring taxes. The payment of the one was as essential to the successful operation of the business of the corporation, which the receiver was directed by the court to continue, as the other. The city could not be expected to wait indefinitely for its taxes. Failure to pay them might well result in a tax sale which would defeat the whole purpose of the order continuing the operation of the business of the corporation by the receiver.

Counsel for the appellant stresses the analogy between a receivership in equity and a proceeding in bankruptcy and cites the cases bearing thereon as they affect the payment of taxes, but they have no application to a tax incurred during the operation of the corporation by the receiver by order of the court. These may well be deemed a part of the running expenses involved in the performance of the duties imposed on him. The order directing payment of the taxes we think was properly made and it is affirmed, with costs.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Daly, Donges, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 14.

*For reversal*—None.