HARRY SOSNICK and CHARLES SOSNICK, complainants,

*v.*

KATHERINE JESIESKI et al., defendants.

[Decided March 30th, 1932.]

*Mr. Benjamin J. Darling,* for the applicant.

*Mr. John D. Craven,* opposed.

FALLON, V. C.

On August 28th, 1931, complainants filed a bill to foreclose their second mortgage lien against lands and premises upon which the Columbia Building and Loan Association held a first mortgage. The first mortgagee was not a party to complainants' suit. On September 4th, 1931, the first

mortgagee filed a bill to foreclose its mortgage lien on said lands and premises, and complainants herein were named defendants therein. No application was made in the suit of the first mortgagee for the appointment of a receiver of rents, nor did said mortgagee enter into possession of the mortgaged premises. On September 7th, 1931, complainants herein made application to the court in their suit for the appointment of a receiver of rents of the mortgaged premises, and such order was granted. The receiver so appointed collected $835, and disbursed $414.23 in the management of the mortgaged premises while in his care. Such appears by the account of the receiver filed herein. Complainants herein did not prosecute to finality the suit instituted by them; they availed themselves of the suit instituted by Columbia Building and Loan Association for the foreclosure of its first mortgage for the establishment of the indebtedness due under their second mortgage. A decree was entered in the first mortgagee's suit establishing its mortgage indebtedness as $21,114.40; the mortgage indebtedness of the complainants herein was by said decree established as $4,628.25. Upon the sheriff's sale, founded on said decree, the mortgaged premises were sold to the first mortgagee for the sum of $500. Complainants herein claim the balance of rents in the receiver's hands as applicable to their mortgage indebtedness and in part satisfaction of the decree therefor. The Columbia Building and Loan Association also makes claim to said rents, claiming a right thereto as first mortgagee, and in substantiation of its claim urges (1) that the complainants herein represented to it and its solicitor prior to and during its foreclosure suit that they would not make claim to the rents in question; (2) that complainants are not entitled to such rents because of their failure to prosecute their mortgage foreclosure suit to finality; (3) that if the rents in question be not paid over directly to it such rents should be applied towards the payment of unpaid taxes upon the mortgaged premises. The proofs herein do not support the claim of said association. The failure of complainants herein to prosecute to finality the suit instituted by them for the

foreclosure of their second mortgage is of inconsequence in the matter *sub judice*. The proofs manifest that there was no necessity to continue such suit inasmuch as they could readily obtain the relief to which they were entitled under their second mortgage through the medium of the suit instituted by the first mortgagee to which they were made parties defendant. The Columbia Building and Loan Association, being a stranger to complainants' suit, has no standing herein to claim rents collected by the receiver appointed in complainants' suit. *Schreiber* v. *Green, 90 N. J. Eq. 333; Coddington* v. *Bispham's Ex'rs, 36 N. J. Eq. 574, 577.* A receiver of rents when appointed in a mortgage foreclosure suit is appointed for the benefit of such of the parties in that suit as afterwards appear to be entitled to the fund in controversy, but not for the benefit of strangers to the suit. *Coddington* v. *Bispham's Ex'rs, supra.* The law protects a junior mortgagee who, by superior diligence, obtains the appointment of a receiver for his own benefit in a foreclosure suit instituted by him to which a prior mortgagee is not a party. In such case it is the established practice to permit the receiver, appointed at the instance of a junior mortgagee, to receive the rents and profits until the prior mortgagee takes possession. *Longdock Mills and Elevator* v. *Alpen, 82 N. J. Eq. 190.* A receiver appointed by a court of equity in a foreclosure proceeding is a substitute for taking possession of the mortgaged premises under the common law. *Stewart* v. *Fairchild-Baldwin Co., 91 N. J. Eq. 86, 89.* If the first mortgagee in the matter *sub judice* desired to safeguard its interests with respect to rents of the mortgaged premises after default upon its mortgage and considered that its mortgage lien was insufficient security for the satisfaction of its mortgage debt it should have applied to the court in its own suit for the appointment of a rent receiver. Its failure to make application for the appointment of a rent receiver warrants the implication that it considered the mortgaged lands and premises adequate security for its mortgage debt. The complainants herein are entitled to the rents in question. I will advise an order accordingly.