The receivers of the defendant corporation were appointed by the late Vice-Chancellor Bentley on October 24th, 1929, *Page 399 
and their appointment continued by me. Defendant corporation was the owner of the La Reine Hotel, located at Bradley Beach, New Jersey, and with the consent of all of the creditors an arrangement was made for its operation during the summer seasons of 1930 and 1931, by means of a lease to an operating company formed for the purpose. The operation under the supervision of the receivers resulted in a gross profit of $61,536.16, all of which, except the sum of $4,778.41 retained by the receivers, was paid to preferred creditors. Out of the gross profits the receivers paid the borough of Bradley Beach the sum of $19,577.22 for delinquent and current taxes. The property of the defendant company was thus held intact pending an anticipated reorganization which, because of economic conditions, did not materialize. The receivership extended over a period of more than three years and during that time there was a very considerable amount of litigation in which the receivers were involved. All three mortgages were foreclosed and the Prudence company mortgage, which was in the sum of $250,000, was held to be invalid as a chattel mortgage, although valid as a real estate mortgage. In addition to these foreclosures there was continual litigation over conditional sales agreements covering the furniture and equipment. Bank of America National Association
v. La Reine Hotel Corp., 108 N.J. Eq. 567. In that proceeding petitions had been filed by numerous conditional vendors in which they sought permission of the court for the removal of the chattels conditionally sold. These petitions concerned practically the entire furnishings and equipment of the hotel property. Hearings on the petitions were suspended during the operation of the hotel in the summer of 1930, but prior to the opening of the hotel in 1931 the decision last above referred to was handed down. Some small amount of the chattels conditionally sold was thereafter removed, but the bulk of them was allowed to remain in the hotel in order that it might be operated during the summer season of 1931. This was under an agreement by which the receivers were to pay the conditional vendors an amount to be thereafter fixed by the court for the use of the chattels involved. *Page 400 
The litigation did not end with the decision above referred to, but there were numerous subsequent applications and counter-applications which continued until after the foreclosure sale and after the remaining personal property had been disposed of by the receivers.
After the receivers of the defendant corporation had filed their final account and it had been approved and allowed, and the fees and allowances of the receivers and counsel had been fixed, and distribution of the balance of the fund in the hands of the receivers directed by this court, and after such distribution had been made, the borough of Bradley Beach filed a petition praying that the order fixing the fees and allowances and directing distribution be vacated, and the receivers directed to pay the petitioner its claim for personal property taxes amounting to $2,015.31 in preference to the payment of any other claims. Upon the filing of the petition an order to show cause was issued thereon and the matter now comes on for hearing on the return of that order.
The receivers' final report and account was filed on November 1st, 1932, whereupon an order to show cause, directed to all parties in interest and returnable at chancery chambers, in Long Branch, on November 17th, was issued and the final account was referred to a special master for audit. Notice of the filing of the final report and account, of the return date of the order to show cause issued thereon and of the fees which would be asked by receivers and their counsel, and counsel for the complainant, was given to each of the creditors, including the petitioner. On the return of that order it appeared that the receivers had on hand the sum of $10,543.17. The receivers' report showed preferred wage claims filed amounting to $435.89; preferred claim for personal property taxes due the borough of Bradley Beach of $2,015.31; preferred claim for franchise taxes due the State of New Jersey for 1928 and 1929 of $1,252.10, and for the year 1930, of $300; mechanics' lien claims of about $30,000; judgments amounting to about $400; claims on conditional sales agreements of approximately $31,500, and general claims of approximately $160,000. No objection was interposed by anyone *Page 401 
to the allowances asked for by the receivers and counsel, and there was no appearance on behalf of the petitioner. The court of its own motion directed that the wage claims, amounting to $435.89, be first paid; that the 1930 franchise tax, amounting to $300, be next paid and that the balance be distributed as shown in the following statement which appears in the supplemental report of distribution filed by the receivers:
Heyman Heyman, solicitors of complainant ................... $500.00
Ward Kremer, allowance as special master ..................... 150.00
Bilder Bilder, allowance as solicitors for Credit Utility
 Company .................................................... 200.00
Credit Utility Company, or Bilder Bilder, solicitors, for
 use and occupancy of certain equipment ..................... 750.00
George Furst, disbursements .................................. 87.70
James D. Carton and George Furst, taxed costs ................ 136.17
Francis Cater, allowance as receiver ......................... 1,995.85
Harry W. Smock, allowance as receiver ........................ 1,995.85
James D. Carton, allowance as solicitor of receivers ......... 1,995.85
George Furst, allowance as solicitor of receivers ............ 1,995.58
Left in bank to cover government tax ......................... .28

The report of distribution bears date December 10th, 1932, and distribution was effected prior to that date. The present petition, to which is annexed a simple verification by the solicitor, was filed January 9th, 1933. The taxes forming the basis of the petitioner's claims are set forth in the petition and in the claim filed with the receivers, as follows:
Year 1930, second half ...................................... $234.85
Interest, 7% from December 1st, 1930, to April 13th, 1932, 22.43
Year 1931 ................................................... 885.04
Interest, 7% from June 1st, 1931, to April 13th, 1932, on
 $442.52 ................................................... 22.89
Interest at 7% on $442.52 from December 1st, 1931, to April
 13th, 1932 ................................................ 11.42
Year 1932 ................................................... 834.68
 _________
 $2,015.31

No reason is stated in the petition for vacating the order of distribution except "that said receivers did not pay the borough of Bradley Beach said sum of $2,015.31 for personal taxes and interest nor any part thereof as required by law." *Page 402 
The order of distribution, as worded, operates as a final decree upon execution of its terms and the filing of statement of distribution. Barnett v. Schickerling Products Corp., 112 N.J. Eq. 1.
The application for a rehearing is timely; "but a creditor of an insolvent corporation duly noticed who defaults at the hearing, has no standing to thereafter object to the receiver's account except for fraud or gross mistake." Ibid.
The petitioner had due and ample notice of the passing of the account and failed to make any objection to the allowances asked for and which were in excess of those made. The court had the right to assume that if no objection was made to the allowances asked for, none could be made to allowances in a less amount. All the expenses of administration of an insolvency receivership, including fees of receiver and counsel, are entitled to priority in payment to all liens, special or general, from the funds of the corporation coming into the hands of the receiver. Seidler
v. Branford Restaurant, Inc. (Court of Errors and Appeals,1925), 97 N.J. Eq. 531; and see, also, Attorney-General v.Linden Cemetery Co., 90 N.J. Eq. 404 (at p. 407); BankersTrust Co. v. Maxson, 100 N.J. Eq. 1; Franklin Lumber Co. v.Harold Anderson, Inc., 104 N.J. Eq. 306; Albert Kernahan,Inc., v. Franklin Arms, Inc. (Court of Errors and Appeals),107 N.J. Eq. 468 (at p. 471); General Corporation Act §§85, 86; 2 Comp. Stat. p. 1652; and this is now conceded, as, at the argument on this order to show cause, counsel for petitioner expressly stated that no objections were then made to any of the fees or allowances except the allowance of $400 to Bilder 
Bilder and $1,500 to their client, Credit Utility Company, for use of its equipment. As shown by the report of distribution, only one-half of these allowances, or $200 and $750, respectively, were paid by the receivers, the other half being paid by the Prudence company pursuant to arrangements made during the foreclosure litigation. The only other objection now made is to the payment of the state franchise tax of $300 for 1930, in preference to the personal property taxes due the petitioner. As to the fees allowed Bilder Bilder, they were in connection with the litigation arising out of proceedings of the *Page 403 
Credit Utility Company for the recovery of chattels conditionally sold to the insolvent corporation defendant, in which the conditional vendor was the successful party. They are a part of administration expenses and are entitled to payment in preference to debts of the corporation. The same may be said of the allowance of $750 to the Credit Utility Company, as that allowance was made for the use of equipment belonging to that company and used by the receivers in the operation of the hotel, without the consent of the owner, but with the court's assurance that a reasonable allowance for such use would be made upon the settlement of the receivers' accounts. After the payment of the expenses of administration, wage claims are entitled to first priority in payment. Act concerning corporations (2 Comp. Stat.p. 1650 § 83), Gleason v. Chemical Dye Corp.,112 N.J. Eq. 383, and this also is now conceded.
The real contest is therefore confined to the respective claims of the state for franchise taxes for 1930 and the petitioner's claim for personal property taxes. Personal property taxes constitute a preferred claim after administration expenses and wage claims. General Tax Act, 4 Comp. Stat. p. 5182 § 223;Gleason v. Chemical and Dye Corp., supra. They become a lien upon assessment. Chase Brass and Copper Co. v. Bart ReflectorCo., Inc., 111 N.J. Eq. 59; Pasquariello v. Arena Twine andCordage Co., 108 N.J. Eq. 491; Township of Cranbury v.Chamberlin Barclay, Inc., 6 N.J. Mis. R. 39; affirmed,105 N.J. Law 236. Corporate franchise taxes levied by the state are also a preferred claim in cases of insolvency. 4 Comp. Stat. p.5291 § 506. And in Chesapeake and Ohio Railway Co. v.Atlantic Transportation Co., 62 N.J. Eq. 751, the court of errors and appeals held that "a franchise tax levied by the state during the receivership of an insolvent corporation is entitled to payment in preference to the liabilities incurred by the receivers in carrying on the business of the insolvent corporation, but not to payment in preference to the receivers' allowances and the expenses of winding up the corporation." Under this rule the state's claim appears to be first and entitled to preference in payment to expenses *Page 404 
of operation of the business of the insolvent corporation by the receivers. "It is not, strictly speaking, a tax at all, nor has it the elements of one. It is in reality an arbitrary imposition laid upon the corporation, without regard to the value of its property or of its franchise, and without regard to whether it exercises the latter or not, solely as a condition of its continued existence. * * * And this is so without regard to the solvency or insolvency of the corporation." In re United StatesCar Co. (Court of Errors and Appeals), 60 N.J. Eq. 514. See, also, People of the State of Michigan v. Michigan Trust Co.
(May 16th, 1932), 286 U.S. 334, in which it was held that franchise taxes accruing during chancery receiverships are, after the expenses of administration, entitled to priority of payment. And see note to this case in 286 U.S. 334; 76 Law Ed. 1141. It logically follows that the tax claim of a political subdivision of the state cannot be superior to the claim of the state itself. It will be noted that the franchise taxes which were paid by the receivers were only those assessed for the year 1930, during which period the insolvent corporation was kept alive by the receivers pending a possible reorganization. Previous franchise taxes amounting to $1,252.10 were not paid, although there is substantial ground for argument that even these taxes were entitled to priority in payment over the personal property tax claim of the petitioner. In re United States Car Co., supra. Of the taxes now claimed by the petitioner, none of them were assessed prior to the appointment of the receivers. All such taxes, both real and personal, have been paid by the receivers since their appointment. Therefore, the preference given by the statute (4 Comp. Stat. p. 5182 § 223) appears to have been satisfied. The personal property taxes here involved might have been collected by distraint and sale, with the consent of the court, but that was not done. Only about fifteen per cent. of the personal property against which the assessments were made was sold by the receivers and practically all the rest is still in the hotel where it was at the time of assessment. Most of the personal property assessed did not belong to the receivers at all, but was owned by conditional vendors. And, *Page 405 
although the receivers did not object to the petitioner's claim on that ground, it would appear that the assessment is fatally defective in that it was made against the La Reine Hotel Corporation and not against the receivers and the conditional vendors who had actual title to the property assessed; and this is a fact of which the court may take cognizance in weighing the equities in the present controversy. The petition will be dismissed.