The matter sub judice is the distribution of the estate of the defendant-insolvent corporation in possession of the receiver herein and a determination of priority and preference of claimants.
The receivership estate is insufficient to pay expenses of the administration of the receivership and all allowed claims in full; therefore, the expenses of the administration of the receivership must first be paid, next in order will be claims of employes of the defendant for wages due to them for work performed and services rendered within two months next preceding the filing of the bill of complaint herein, then, franchise taxes, municipal taxes, claim of landlord against the corporation for not exceeding one year's rent, then, claims of other preferred creditors, and lastly, claims of general creditors. Expenses of the administration of the reveivership comprehend allowances to the receiver and his counsel, master's fees, appraisers' fees, auditors' fees, rent for use and occupation of the store premises by the receiver, claims for merchandise, electricity and gas, and wage claims of persons employed by the receiver, in the conduct by him of the business of the defendant under authority of the court. Counsel for various claimants urged that there should be a pro-rating of the expenses of the receivership and the claims *Page 460 
of the various claimants. Such claim is untenable in the mattersub judice. The well established rule is to pay first the general expenses of the receivership and then the allowed
claims in the order of their priority. Albert Kernahan, Inc., v. Franklin Arms, Inc., 107 N.J. Eq. 468; Walser v. NorthernValley Building Corp., 109 N.J. Eq. 126; Spark v. LaReine HotelCorp., 112 N.J. Eq. 398; sections 85 and 86 of the GeneralCorporation act; 2 Comp. Stat. p. 1652.
I will advise an order accordingly.