The account of a receiver for the defendant is now before this court for confirmation. The funds in the hands of the receiver are insufficient to pay the expenses of administration and a tax claim of the city of Passaic, together with those of two wage claimants. The city of Passaic claims that the taxes due to it are payable out of the funds in the hands of the receiver next after the payment of valid wage claims and in priority to the expenses of administration.
This contention is wholly untenable. It has been the uniform and recognized practice of this court to make distribution among creditors, in accordance with the priorities established by law of the sums remaining in the hands of the receiver, after payment of expenses of administration. Distribution of assets is governed by sections 85 and 86 of the Corporation act. In Albert andKernahan, Inc., v. Franklin *Page 195 Arms, Inc., 107 N.J. Eq. 468, the court of errors and appeals says that the rule is settled, and that "the receiver's expenses and allowances should be paid first from the funds in the receiver's hands, then the claims in their order." This practice has been followed in the two recent cases of Spark v. La ReineHotel Corp., 112 N.J. Eq. 398, and Philadelphia Dairy ProductsCo., v. Summit Sweets Shoppe, Inc., 113 N.J. Eq. 458.
As to the validity of the wage claims, these claims were passed upon and allowed by the receiver and no exception was filed thereto so that they stand as being valid claims.
The account will be passed and settled with a provision for the payment first of the expenses of the receiver together with fees and allowances to himself and his solicitor; second, to the payment of the wage claimants, and third, to the payment of the tax claim of the city of Passaic.