The township of Wall, in the county of Monmouth, has filed a petition praying that the receivers of the insolvent defendant corporation be directed to pay to it certain taxes assessed against personal property in the hands of the receivers during the receivership proceedings and the operation of the business by the receivers. The sole question is whether or not such taxes are entitled to payment in preference to wage claims existing at the time of the insolvency decree and the appointment of the receivers The property has been sold and the proceeds are in the receiver's hands.
As to taxes due and unpaid at the time of the appointment of the receivers, wages are undoubtedly entitled to preference in payment. Gleason v. Chemical and Dye Corp., 112 N.J. Eq. 383;Sparks v. La Reine Hotel Corp., Ibid. 398; Philadelphia DairyProducts Co. v. Summit Sweet Shoppe, Inc., 113 N.J. Eq. 458; 2Comp. Stat. p. 1650 § 83.
Counsel for the receivers insist that Sparks v. La ReineHotel Corp., supra, is authority for giving wage claims a preference over current taxes, but it is not. While in that case such priority was allowed, the decision turned upon a balancing of equities and not upon any abstract principle of law. The receivers had there reported the wage claims as first in the order of priority and the master had approved the receiver's account as stated. The municipality defaulted at the hearing on the receiver's account and after complete distribution of the funds had been made sought to have the matter reopened. The wage claims involved were small, amounting to only about $400, and it appeared that the receivers had already paid the municipality about $20,000 in taxes, including those on personal property, which had accrued prior to the receivership, in preference to the wage claims. To this preference the municipality was not entitled and on its petition, seeking equity, was obliged to do equity. In balancing the equities the fact that it had already received an unlawful preference was considered and was thought to be controlling. It also appeared that eighty-five per cent. of the assessment was against personal property not owned by the receivers or *Page 416 
by the insolvent corporation, but by conditional vendors; and the property was still intact and subject to distraint. It was only because of the peculiar circumstances of that case that a seeming preference was there allowed the wage claimants.
It was argued that to give the petitioner a preference for current taxes would be to displace prior liens by subsequent liens; but that objection cannot prevail. Each year's assessment of taxes takes priority over all assessments for previous years.Smith v. Specht, 58 N.J. Eq. 47; Cahill v. Town of Harrison,87 N.J. Eq. 524; Harrington Co. v. Walker, 105 N.J. Eq. 172,
and in Cranbury Township v. Chamberlin Barclay, Inc., 6 N.J.Mis. R. 39; affirmed, 105 N.J. Law 236, the lien of personal property taxes was held to supplant the lien of a prior chattel mortgage.
"Expenses of administration of an insolvency receivership are entitled to priority of payment to all liens, special or general, from the funds of the corporation coming into the hands of the receiver." Seidler v. Branford Restaurant, Inc., 97 N.J. Eq. 531;Albert Kernahan, Inc., v. Franklin Arms, Inc., 107 N.J. Eq. 468.
Rent for property occupied by a receiver and wages of his employes are always considered as proper administration charges, and personal property taxes assessed during the receivership are in the same category. It would be as reasonable to postpone one of such charges to ante-receivership wage claims as another.
It is concluded that the township is entitled to the payment of the personal property taxes levied during the receivership in preference to wage claims existing at the time of the appointment of the receivers. *Page 417