MYRON P. MAURER, complainant,

*v.*

GEORGE B. SPEARIN, INCORPORATED, defendant.

[Argued May 21st and 22d, 1936.   Decided October 2d, 1936.]

*Mr. Alexander Seclow,* for the appellant city of Bayonne.

*Mr. William Harris,* for the respondents Stephen P. Piga and Harry B. Dembe, receivers.

The opinion of the court was delivered by

HEHER, J.

The primary question for decision is the propriety of the allowances for the receivers' services, counsel fees and other

administrative charges made in an order approving the receivers' final account of their administration of the property and funds of the insolvent defendant corporation. It is said that these allowances are "improper or grossly excessive." Asserting that it did not have timely notice of the return day of the order directing the creditors to show cause why the report and account of the receivers should not be confirmed, and the fees, costs and other allowances fixed and determined, and that the allowances made were grossly excessive, the municipality moved for a vacation of the order of approval. The motion was denied: and it appeals from both orders.

We are of opinion that the motion to vacate the order approving the final account should have prevailed. The municipality was entitled to be heard on the fundamental question of the propriety of such allowances under the circumstances, and of the *quantum* thereof, if that question should be resolved against it; and the proofs satisfy us that it had not forfeited that right. It was not in default. Its claim for accrued taxes, assessed against scows, pile drivers, concrete mixers, and the like, located on its water front, practically the only tangible assets of the defendant corporation, was in excess of $16,000. The claim was not in dispute; and its demand for "priority and preference" was allowed by the receivers. In addition, it was entitled to payment, as an administrative expense, of taxes in the sum of $2,494.80, assessed for the period of the receivers' administration. *Walser* v. *Northern Valley Building Corp., 109 N. J. Eq. 126.*

Notwithstanding that it had appeared by counsel and had vigorously pressed the demand (its petition for leave to sell the taxed property in distress proceedings had been denied), the notice of the order to show cause was given by mail addressed "City of Bayonne, Bayonne, N. J." Although there is evidence that the notice was mailed prior to the return day, the proofs establish that it did not reach the city clerk until after the hearing of the order to show cause and the making of the order confirming the account. It was also proved that prior notices had been addressed to the municipality in care of its solicitor by name. Why this course of procedure was departed from in the present instance is not

made to appear, nor is it necessary to determine the reason. It suffices to say that it accounts for the lack of a timely and effective notice of this final proceeding so vital to the municipality. The proceeds of the sale of this taxed property (the only asset of value) were $7,792; and the basic order complained of approved disbursements for receivers' compensation, counsel fees, allowances to appraisers and accountants, in the aggregate sum of $6,418.74, or approximately eighty-two and one-half per cent. of the total assets. Assuming that the administrative expenses were, in the circumstances, entitled to priority in payment as against the tax claim—a question to be determined after hearing upon notice in the court below—these allowances cannot be sustained. They are grossly excessive. Conformance with the prescribed standard requires a radical scaling downward. See *Glaser* v. *Achtel-Stetter's Restaurant, Inc., 106 N. J. Eq. 150;* *De Veau* v. *Pirozzi Construction Corp., 109 N. J. Eq. 559;* *Franklin Lumber Co.* v. *Harold Anderson, Inc., 105 N. J. Eq. 542;* *Bock* v. *Columbia Brewing Co., 99 N. J. Eq. 617;* *In re New Jersey Refrigerating Co., 106 N. J. Eq. 526;* *Lembeck* v. *Jarvis Terminal Cold Storage Co., 68 N. J. Eq. 352.*

The orders are accordingly reversed, and the cause remanded for further proceedings in conformity with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 11.