Upon the filing of his final account, the rent receiver obtained an order to show cause why it should not be allowed and why he should not be discharged of his trust. Subsequent to the return day of that order, but prior to the hearing and argument thereon, the Cowega Realty Company, which was the mortgagor and owner of the mortgaged premises and which is hereinafter called the "Realty Company," without leave of court and without the consent of any of the parties to the litigation, filed its petition wherein it, among other things, asserts that the receiver, without right, made payment of municipal taxes assessed against the mortgaged premises and that he should have collected the sum of $2,200 as rent for the said premises from the first day of July to the first day of October, 1940, both dates inclusive, which he, however, failed and neglected to do, and then concludes with a prayer that he be directed and required to make payment to it of the last mentioned sum, as well as of the amount of money which he disbursed for taxes.
The receiver's account sets forth in detail all of the moneys received and disbursed by him and shows no present balance in his hands. To this account none of the parties have filed any exceptions. The petition of the Realty Company, in substance, asserts the receiver's lack of authority to pay municipal taxes and his failure to collect the hereinabove mentioned rents, but fails to set forth or specify any particular part of the account or any items therein to which the Realty Company objects. An exception to an account of a receiver must make specific objection to the justness of the account in charge or discharge, and not merely seek the recovery by the exceptant of a demand against the receiver. Consequently, the instant petition, under the well settled rules, cannot be considered or allowed as exceptions to the account here filed. Carey v. Monroe, 54 N.J. Eq. 632.
In disallowing, because of their form, the exceptions which were *Page 77 
filed in the cited case, Chancellor McGill, sitting as the Ordinary, (at p. 635), said: "But the exception considered does not object to the account in any particular. It does not either insist upon charge or object to the discharge which the accountant seeks. It merely objects that a duty remains unperformed and impliedly seeks to enforce performance of that duty through payment of money. Although called an exception to the account, it is in reality a demand that the executors may be required to do their duty by paying a sum of money to the exceptants."
Based upon its said petition, the Realty Company contends that it is entitled to an order requiring the receiver to pay over to it the sum of $1,528.40 which he disbursed for municipal taxes assessed against the mortgaged premises up to July 1st, 1940, and in addition thereto the further sum of $2,200 which he should have collected, but failed to collect, as rent from the mortgaged premises from the 1st day of July to the 1st day of October, 1940, both dates inclusive; although it never sought nor obtained an order to show cause or any other process directed to the receiver or any of the parties litigant with respect to its said petition. Aside from this, its present application clearly overlooks the undeniable fact that the receiver took the possession, management and operation of the mortgaged premisescum onere and subject to an unquestionable duty to bear and pay, in so far as the moneys coming to his hands would permit, all of the charges, including the municipal taxes, incidental to his possession and operation of the said premises. Walser v.Northern Valley Building Corp. (Court of Errors and Appeals),109 N.J. Eq. 126; 156 Atl. Rep. 783; McKenzie v. StandardBleachery Co., 109 N.J. Eq. 429; 157 Atl. Rep. 845; Maurer v.George B. Spearen, Inc. (Court of Errors and Appeals),121 N.J. Eq. 113; 187 Atl. Rep. 47; Sullivan v. James Leo Co.
(Court of Errors and Appeals), 124 N.J. Eq. 317; 1 Atl. Rep.
2d 400.
Even if the Realty Company, notwithstanding the foregoing observations, were, by virtue of its mere petition, entitled to be now heard with respect to its present application for the said order against the receiver, concerning which *Page 78 
an opinion need not be and is not here expressed, it has wholly failed to show that it is entitled to the relief which it here seeks. On the contrary, it clearly appears that, during the pendency of the foreclosure proceedings, the complainant, the tenant of the mortgaged premises and the Realty Company entered into an agreement whereby the latter was to convey the mortgaged premises, as of July 1st, 1940, and as of which day all adjustments and payments were to be made, to complainant, who, in turn, was to convey the property to the tenant in possession thereof, whereupon the foreclosure proceedings were to be discontinued and complainant's bond and mortgage were to be canceled, and that in accordance therewith the mortgaged premises were, by deed dated July 1st, 1940, conveyed by the Realty Company to complainant which then conveyed it to the said tenant, caused its foreclosure proceedings to be discontinued and its mortgage, and the accompanying bond whereon the Realty Company and its officers, personally, were jointly liable, to be canceled.
Hence, it is obvious that either the complainant, its grantee or both were, in accordance with their agreement with the Realty Company, entitled to have the taxes assessed against the mortgaged premises up to July 1st, 1940, paid and satisfied. By reason of the agreement and its deed of July 1st, 1940, the Realty Company was not entitled to receive any rents from the premises conveyed on and from July 1st, 1940, nor to share in any such rents, even if they had been collected by the receiver; and consequently cannot now be heard to complain about his failure to collect said rents. The Realty Company itself, being under a contractual duty to cause the said taxes to be paid and satisfied, should not be heard to complain about the receiver having paid them, even if it could be said that he was without legal right to have done so, said payment having concededly redounded and enured to its benefit. Since none other than complainant or its grantee was, under the evidence adduced, entitled to have the taxes paid by the Realty Company and to receive the rents on and from July 1st, 1940, they alone could be heard to complain with respect to the receiver's action in having paid the taxes, which the Realty Company was obliged to *Page 79 
pay, and in having failed to collect the rentals after July 1st, 1940. However, neither of them have seen fit to do so. Consequently, the receiver's account as filed will be allowed and the application of the Realty Company will be denied.
A decree will be advised in conformity with the views herein expressed. *Page 80