40 N.J. Super. 214 (1956)
122 A.2d 666
A. MICHAEL LEPORE, PLAINTIFF,
v.
AARON AJAMIAN, DEFENDANT-APPELLANT, UNITED STATES OF AMERICA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 7, 1956.
Decided May 11, 1956.
*215 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Aaron Ajamian, appellant, appeared pro se.
Mr. Charles H. Hosen, Jr., argued the cause for the United States of America, the holder of a lien (Mr. Raymond Del Tufo, Jr., United States Attorney; Mr. George J. Rossi, on the brief).
Mr. John J. Joel, for rent receiver (Messrs. Burke, Sheridan & Hourigan, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
This appeal arises out of an action to foreclose a mortgage. During the pendency of the action, a receiver was appointed by the court to collect the rents and the proceeds of a fire insurance policy payable as a result of a fire; but so far as appears, there was no order directing the receiver to pay the real estate taxes imposed on the mortgaged premises. Judgment was entered in the foreclosure action; and pursuant to a writ of execution issued thereunder, the Sheriff of Hudson County sold the mortgaged premises for $4,700 to one Sandra Gleza who, appellant asserted on the oral argument before us, was a "dummy" acting on his behalf. After the sheriff's deed had been delivered to her, she made a motion to require the receiver to pay out of the funds in his hands real estate taxes accruing, to some extent, during his receivership and, to some extent, prior thereto. The trial court denied the motion by its order of June 17, 1955. On July 14, 1955 Sandra Gleza conveyed to the appellant the property so *216 purchased and assigned to him such cause of action as she might have with respect to the payment of the taxes. On the same day, appellant, acting without leave of this court, filed a notice of appeal from the order.
It would seem that the order appealed from is interlocutory and was not of an appealable sort, as R.R. 2:2-3 stood at the time; and besides, that the appeal was out of time. Nevertheless, even if these circumstances should call for a dismissal of the appeal, the meritorious question presented here might then be raised on another appeal apparently taken subsequently by the present appellant from the alleged final judgment in the cause, signed February 3, 1956 (which seems to deal with other matters). This interlocutory order affected the amount of money disposed of by the final judgment and is therefore appealable after the final judgment as though it were a part of the judgment. New Jersey Highway Authority v. Renner, 32 N.J. Super. 197, 202 (App. Div. 1954). Hence we have decided to pass upon the question now.
No error was committed below. As the trial court apparently concluded (see the order appealed from), it was announced at the time of the sale that the sale was to be made "subject to the lien of unpaid taxes." Where such an announcement may well have had the tendency of depressing the price brought at the sale, perhaps to the extent of the amount of the taxes, the purchaser cannot in conscience accept the benefit of the sale and at the same time ask to have the taxes paid by the receiver. The integrity of the public sale must be preserved; and where notice of a lien is given at the sale, the court must heed its effect upon bids that may be made by the public invited to be present. Cf. Calverley v. Ventnor Building & Loan Ass'n, 107 N.J. Eq. 214, 216 (E. & A. 1930).
We think the announcement may well have had a depressive tendency here, notwithstanding the fact that the published notices of sale failed to mention that the sale was to be made subject to taxes. Cf. Fuchs v. Syndicate Realty Co., 107 N.J. Eq. 506 (E. & A. 1931); Oakley v. Shaw *217 69 A. 462, 465 (N.J. Ch. 1908). Having had the benefit of this depressive effect, the appellant is not entitled to the redress sought below.
In this view of the case we need give no consideration to N.J.S. 2A:61-16; neither the appellant nor his assignor has asked to be relieved of the bid, and besides the assignor accepted the deed. North Jersey Holding Co. v. Snow, 129 N.J. Eq. 555, 560 (E. & A. 1941). Nor need we give consideration to the question whether the receiver had any duty in the premises to pay the taxes, or at least those accruing during the pendency of the receivership. New Jersey Title Guarantee & Trust Co. v. Cone & Co., 64 N.J. Eq. 45, 46 (Ch. 1902); Sosnick v. Jesieski, 110 N.J. Eq. 267, 268 (Ch. 1932); cf. Schreiber v. Green, 90 N.J. Eq. 333 (Ch. 1919); Atlantic City National Bank v. Wilson, 108 N.J. Eq. 213, 219 (E. & A. 1931); Berman v. One Forty-five Belmont Ave. Corp., 109 N.J. Eq. 256, 260 (Ch. 1931), affirmed 112 N.J. Eq. 171 (E. & A. 1933); Annotation, 88 A.L.R. 1352. But see Second Nat. Bank of Paterson v. Cowega Realty Co., 129 N.J. Eq. 75, 77 (Ch. 1941), and cases cited.
Affirmed.