Person, Col., v. Warren Railroad Co.

---

### WILLIAM A. PERSON, COLLECTOR, &c., v. THE WARREN RAILROAD COMPANY.

A railroad company against whom taxes were assessed, and the assessments removed into the Supreme Court and affirmed, may be required to pay them by a *mandamus*, if there is no other adequate remedy for collecting them.

A rule to show cause why a *mandamus* should not issue, was argued before Justices ELMER, BEDLE and DALRIMPLE, by—

*J. Vanatta*, for the rule, and

*J. G. Shipman*, against it.

The opinion of the court was delivered by

ELMER, J.   In the year 1865, taxes were assessed in the town of Belvidere, against the Warren Railroad Company, incorporated by the legislature of this state, upon its capital stock, to the amount of twenty-two thousand six hundred and thirty-two dollars and seventeen cents, which being regularly demanded, but not paid, a tax warrant was issued and put into the hands of a constable, pursuant to the supplement to the act incorporating the town. (*Acts of* 1860, *p.* 398.) The company thereupon obtained a *certiorari*, removing the assessment into this court, and a rule staying further proceedings on the warrant. At the November Term, 1866, the case was heard, and a judgment ordered that the assessment be affirmed, further proceedings on the writ dismissed, and that the collector proceed with the collection of the tax according to law. This judgment was removed into the Court of Errors and Appeals, and at March Term last, was affirmed. At the last term of this court a rule was obtained, in the name of the collector, that the company, and also the Delaware, Lackawanna, and Western Railroad Company, show cause why a *mandamus* should not be issued against one or both of them, commanding them to pay these taxes, with the interest and costs.

As to the last named company, which is a Pennsylvania corporation, it is clear that no good ground for a *mandamus* to them has been shown. They were no parties to the *certiorari*, and it does not appear that they have ever been formally called upon to pay the taxes. Nor is it so certain that they are legally bound to pay them, as to justify this writ before that question has been judicially determined.

The legal liability of the Warren Railroad Company to pay the taxes, has been fully established. It is objected, however, by their counsel, that the law establishes the mode by which the collector shall enforce the payment of taxes, and that no other can be resorted to, as was held in the case of *Allen* v. *Camden*, 2 *Dutcher* 398. In the case of *Smith* ads. *The State*, 2 *Vroom* 216, it was held that a party making use of the authority of this court to stay proceedings to collect a tax, thereby voluntarily subjects himself to its control in regard to their further prosecution, and renders himself liable to be attached if he refuses to pay the tax after an affirmance. I see no reason to doubt the propriety of this decision, which has since been acted upon, and, in my opinion, it justifies a *mandamus* against a corporation, unless an adequate remedy is shown to exist, by means of the original tax warrant, or in some other mode, whereby the payment of the taxes can be enforced. The practice of bringing the assessment of taxes before this court, by means of a *certiorari* for adjudication, has been found a very convenient proceeding; but if it is to be made to defeat the collection of legal taxes, it could not be tolerated. A stay of the proceedings on the tax warrant, may not, in all cases, prevent it from being fully executed, after the tax is affirmed, but often it will render it ineffectual.

It is clear that a *mandamus* is the proper means of compelling a corporation to pay money adjudged to be due to an individual, in cases where an execution cannot be issued. *The King* v. *St. Catherine Dock Co.*, 4 *Bar. & Ad.* 360; *The Queen* v. *Ledyard*, 1 *Ad. & Ell.* (*N. S.*) 1. In the case of *The King* v. *The Margate Pier Co.*, 3 *Bar. & Ad.* 220, a *mandamus* requiring the company to pay a poor rate was quashed, because the writ did not aver that there was no other remedy—the question being left undecided whether it would be if the company had no effects on which a distress could be levied.

It appears, in this case, that by virtue of an act, approved March 5th, 1857, (*Sess. Acts*, 76,) the Warren Railroad Company has made a lease of their road to the Delaware

and Lackawanna Railroad Company, which operates a connecting road, located in Pennsylvania, and is incorporated by the legislature of that state, wherein the last named company stipulate to pay the stockholders of the Warren road interest on their stock, and to pay and discharge all taxes imposed on the premises and property leased, and by virtue of which the business of the road in New Jersey is wholly carried on by the foreign corporation. The Warren Railroad Company continues its organization, receives the stipulated rent from its lessee, but owns no rolling stock or other personal property of any material value. These circumstances seem to show that there is now no adequate remedy for the collection of the tax, and, in my opinion, justify the resort to a *mandamus*.

The collector in whose name this rule was obtained, it appears, has ceased to fill that office. There is no reason, however, why the name of the existing collector, or other officer, now entitled to receive the money, should not be substituted. In my opinion a *mandamus* should issue against the Warren Railroad Company.

CITED in *State* v. *Lewis, Collector*, 6 *Vroom* 377.