GEORGE S. DURYEE, commissioner of banking and insurance,

*v.*

THE UNITED STATES CREDIT SYSTEM COMPANY.

1. Where property coming into the hands of a receiver is subject to a lien for taxes, for the enforcement of which no specific remedy is provided by statute, the chancery court, of which the receiver is an officer, has jurisdiction by reason of his possession of the property, to provide payment of the taxes, as a preferred claim, out of the proceeds of the property.

2. The lien given by act of 1888 (*P. L. of 1888 p. 119*), directing assessment of personal tangible property used in connection with any business, and providing that the tax "shall remain a lien on the same for * * * one year from date of assessment," at date of which act assessment of taxes was made as of the first Wednesday in April (*P. L. of 1868 p. 352*), and warrants were authorized to be issued for taxes remaining unpaid on January 20th (*Act of 1869 § 5*), is not repealed by act of May 16th, 1889 (*Act of 1889 § 4*), directing that assessments of taxes shall be considered as made on the third Wednesday in January, "and shall constitute a lien as now provided by law, on and from that date," though the effect of this is to make the lien expire one year from the third Wednesday in January, and to render impossible enforcement of the lien by warrant under the act of 1869.

3. The lien on personal property for a tax assessed against it is not lost by failure to take steps necessary to make the tax a lien on lands of the property-owner, which, together with the personal property, it owned when it became insolvent.

---

On appeal of city of Newark from disallowance of claim for taxes by receiver. Heard on petition, answer and stipulation.

*Mr. Sherrerd Depue* and *Mr. Chandler W. Riker*, for the city of Newark.

*Mr. Howard W. Hayes*, for the receiver.

EMERY, V. C.

This is an appeal by the city of Newark from the disallowance of a claim for taxes, presented to the receiver of the United States Credit System Company, an insolvent corporation. The claim was presented as a preferred claim, but was disallowed by the receiver as not being a valid claim, either preferred or general.

The receiver by virtue of his appointment became entitled, under the statute (*Corporation act of 1896 § 66 ; Id. 1874 § 72 ; Rev. p. 189*), to the possession of all the goods and chattels of the insolvent corporation, including the personal tangible property in the possession of the company on September 4th, 1894, the date of his appointment. The effect of this appointment, as settled by the case of *Graham Button Co.* v. *Spielmann, 5 Dick. Ch. Rep. 120*, affirmed on appeal, *6 Dick. Ch. Rep. 460 note*, is to fasten upon the property of the insolvent corporation its debts payable in the course of distribution.

Before the appointment of the receiver, taxes for the year 1894 had been assessed against this personal tangible property which came to the receiver's possession, for the sum of $980, the assessment being made under the law of 1888 (*P. L. of 1888 p. 119*), directing that all personal tangible property used in connection with any business, shall be assessed within the taxing district where the business is carried on, " and shall remain a lien on the same for the term of one year from date of assessment." At the time of the passage of this act, the assessment of taxes was made as of the first Wednesday in April (*P. L. of 1868 p. 352*), and by the supplement of March 25th, 1869 (*P. L. of 1869 p. 672 § 5*), warrants were authorized to be issued for taxes remaining unpaid on January 20th. The taxes are payable October 30th, and under these laws warrants for unpaid taxes on personal tangible property might be issued on January 20th, and the personal property thus taxed, as well as

other personal property might be levied upon and sold under the warrant, previous to the expiration of the year during which the lien continued. Sale before the expiration of the lien is necessary in order to preserve the lien, provided the sale under warrant of the property subject to the lien is the authorized method for collecting the tax. *State, Johnson, Receiver,* v. *Van Horn, 16 Vr. 136, 140; Kirkpatrick* v. *New Brunswick, 13 Stew. Eq. 46;* affirmed on appeal, *14 Stew. Eq. 347.*

By an act approved May 16th, 1889 (*P. L. of 1889 p. 464* § *4*), it was directed that the assessment of taxes " shall be considered as made on the third Wednesday in January of each year, and shall constitute a lien, as now provided by law, on and from that date" &c., and all inconsistent acts were repealed. Section 6. The effect of this act of 1889, as I construe it, was to make the lien for the taxes in question expire one year from the third Wednesday in January of the year of the assessment, this year expiring in the present case on January 16th, 1895. The issuing of the warrant was the method which had been expressly provided by statute for the collection of the tax, and up to the passage of the act of 1889 this method was practicable. But as the warrant could not issue until January 20th, in any year, and the lien on personal property for the tax of 1894 expired four days previously, it is manifest that by the act of 1889 it became impossible to enforce the lien for taxes for the year 1894 by this method. In some years the warrant could be issued before the third Wednesday of January, but in no year could sale be made under the warrant before the expiration of the lien. The lien of the taxes, so far as it was imposed on personal property, therefore, could not be enforced by the procedure of the warrant. Counsel for the receiver contends that this indirect repeal of the method for enforcing the lien by warrant for the collection of the same, had the effect of destroying the lien. The argument is that taxes are not debts, and that, independent of remedies expressly provided for their collection, they are not enforceable either as debts or liens, and that there being here no remedy against the property, there is no lien. Upon the other hand, it is claimed (1) that taxes are debts, recoverable as such

where no other method of collection is provided; and (2) that even if they are not debts recoverable by suit, yet if the taxes have been expressly declared by the statute to be liens on property, this statutory lien is enforceable through the aid of a court of equity, if no other method of enforcing it against the property is provided by statute, or the courts of law.

The case of *City of Camden* v. *Allen, 2 Dutch. 398,* settles the rule that where a specific method is expressly provided by statute for the recovery of taxes, they must be collected in this mode, and cannot be recovered as debts in an action of debt. This case has not since been questioned, but it does not reach the point now at issue, which is whether a lien for taxes expressly fixed on property by statute, can be enforced if the statute provides no method for the enforcement of the lien. And Chief-Justice Green expressly says, in his opinion (at *p. 400),* that if a tax should be imposed, and no method be provided by law for its recovery, a resort to legal proceedings would be necessary and a method of recovery would be found. And, on the point of lien now involved, the courts of several states hold that a lien for taxes given by statute may be enforced in a court of equity, where no mode for its enforcement is given by the statute. *2 Desty Tax. 734 note 10.*

But this statutory lien for taxes is strictly legal rather than equitable in its nature, and if there be no other method expressly provided of enforcing the lien by legal process, it is not at all clear that the supreme court cannot enforce the appropriation of the property subject to the lien, either by *mandamus* or by the issuing of process of execution for sale to pay the lien, analogous to the process of *levari facias* for this purpose, out of the exchequer *(2 Tidd Pr. 1042);* or perhaps the lien might be enforced by *scire facias,* the assessment of taxes being in the nature of a record or judgment. *City of Camden* v. *Allen, 2 Dutch. 400.* Whenever there is a legal, as distinguishable from an equitable, right, without a specific legal remedy, the general rule is that a *mandamus* will be granted. *Rex* v. *Marquis of Stafford, 3 T. R. 646, 651.* And this principle was applied in *Person, Collector,* v. *Warren Railroad Co., 3 Vr. 441,* to the

collection of a tax where there was no other adequate remedy for collecting the tax, and a *mandamus* was issued. In the absence of a decision, therefore, by the courts of law that they are powerless to enforce this legal statutory lien for taxes, I shall not undertake to assert the general equitable jurisdiction to enforce the lien upon the ground that there is no remedy for its enforcement in the courts of law. But without undertaking to decide this question, it seems to me that this court has, in the present instance, a clear source of jurisdiction, arising from the possession by its officer, the receiver, of the assets of the corporation, including the property subject to the lien, for distribution under the Corporation act. Where the receiver of this court, under authority of statute and under the direction of the court, has assumed the possession of all the personal property of the insolvent corporation, this court is bound to give effect to the liens which existed as liens on the property when its receiver took possession. *Doane* v. *Millville Insurance Co., 18 Stew. Eq. 274, 282.* And effect is generally given to such statutory liens, in practice, either by providing for their payment by the receiver as preferred claims or by allowing the claimant, on application to the court, to enforce his lien in the courts and by the proceedings in which they would clearly be enforceable had no receiver been appointed, and making the receiver a party to such further proceedings where this is necessary.

The rights of creditors and of the lien claims here are to be settled according to the liens as of the time when the receiver took possession, and inasmuch as the taxes were then liens on the property, the city had the right to apply for an appropriation of the property by the receiver to pay this lien as soon as by the statutes it became payable.

The lien being expressly imposed by statute upon the property which came to the receiver's hands, I see no escape from the payment of the taxes out of the proceeds of the property subject to the lien, on the application to this court, except upon the theory that the express statutory lien given by the act of 1888 has been repealed in effect by the act of 1889. An express repealer is not claimed, but is based on the fact that one is

to be implied from the effect of the act of 1889 on the previous methods for enforcing the lien. And this effect on the procedure is not the result of legislation directly regulating the procedure, and thus of a character to show an intention to affect the lien itself, but is an indirect effect resulting from provisions regulating the procedure which were not directly connected with the subject-matter or object of the repealing act, this being merely to change the date of assessment. The implied repeal of the lien results from the conflicting provisions of the laws regulating the procedure to enforce the lien. In this condition of the statutory law relating to the lien for taxes and the procedure on it, I think it is my duty to adhere to the express and positive provisions creating the lien and to carry these into effect in this case as still existing, rather than to consider the lien destroyed because the original method of enforcement has been rendered impracticable by subsequent indirect legislation. To construe the statutes which indirectly repeal the effective proceedings for enforcement of the lien as also having the effect to repeal the express lien, seems to me to be sacrificing substantial rights to the preservation of forms of proceedings. My impression is that even a formal direct repeal of the proceedings for collection by warrant, without substituting others, would not merely of itself have had the effect of destroying the previous express lien, and that this lien, so long as it existed, could still have been made effective by proceeding either at law or in equity. And where the property is in the control of the officer of the court, expressly subject to the lien, the fact that the lien cannot be otherwise made effective than by the action of this court is no sufficient reason, as it seems to me, for holding that it is not valid.

In *Wood* v. *McCardell &c. Co., 4 Dick. Ch. Rep. 433*, the statutory lien of the landlord for one year's rent was enforced by directing the receiver to pay it although no distress had been made. It appears by the written stipulation in this case that the formalities necessary to make the tax in question a lien upon the lands of the insolvent corporation have not been taken, and it is therefore argued that the lien against the personal prop-

erty has been lost. But even if the lien against the real estate has thereby been lost, it cannot follow that this loss of one of the two liens given by statute discharged the other lien. No such penalty can be justly imposed, certainly not in favor of the debtor, who still remains the owner of both the properties originally subject to the lien. To discharge the personal estate of the debtor from the lien simply because the real estate is discharged, would deprive the city of the benefit of one of the two liens expressly given, and for the sole purpose of relieving the owner from a just burden.

The determination of the receiver is therefore overruled, and the claim for taxes will be paid out of the proceeds of the personal property on which it was a lien, as a preferred claim.

I have disposed of the case upon the provisions of the Corporation law, as it existed on the date of the receiver's appointment, and without considering the effect of two other laws since passed. One of these, the revision of the Corporation act, taking effect July 4th, 1896, now provides, as to the distribution of assets (section 86):

"After the payment of all allowances, expenses and costs, and the satisfaction of all special and general liens upon the funds of the corporation to the extent of their lawful priority, the creditors shall be paid proportionately" &c

This provision for the payment of liens seems to cover the present express statutory lien and to supply an express method for its enforcement and to be within the power of the legislature. The other statute is the act of March 26th, 1896 (*P. L. of 1896 p. 191*), which provides that the receiver shall take and hold all personal property of the insolvent corporation subject to all unpaid taxes, and shall, out of the first moneys received, pay all said unpaid taxes, with interest &c. There is more question whether this act is intended to be retrospective. But without deciding as to the effect of either of these acts upon the present application, I dispose of the question upon the *status* of the rights existing under the acts in force at the time of the receiver's appointment.