S. DeRenzi Company, a co-partnership, carried on business in the city of Jersey City, New Jersey, and, on a bill filed for a dissolution of the co-partnership (not under laws of 1919, page 450), on November 26th, 1923, a temporary receiver was appointed. The language of this order is that *Page 98 
"J. Fisher Anderson, of Jersey City, be and he hereby is appointed temporary receiver, pending the return of this order to show cause, of the co-partnership of S. DeRenzi Company, to take charge of the property, estate, books and papers of the said co-partnership business;" and it was further ordered that the defendants and creditors of the co-partnership show cause, on December 3d 1923, "why said J. Fisher Anderson should not be appointed permanent receiver of said co-partnership." On the return of the order to show cause, on December 3d 1923, it was ordered "that J. Fisher Anderson, of Jersey City, New Jersey, be and he hereby is appointed receiver of the estate, property, moneys, debts and effects, real and personal, of said co-partnership of said S. DeRenzi Company," giving him wide powers, and directing the surviving partners to convey and transfer in writing the assets, property and debts of the partnership. There is no decree of dissolution in either order.
About the 20th of February, 1925, the mayor and aldermen of Jersey City (hereinafter called "the City") presented its amended proof of claim to the receiver, which claim was rejected by him as a preferred or general claim, and, thereupon, the City appealed. The claim consists of $233.28 for the second half of the taxes assessed for the year 1921, with interest; $206.88 for the entire year 1922, with interest, and the taxes for the entire year 1923, $751.60, with interest.
By the act of 1888 (P.L. p. 119) a lien was given for the taxes assessed upon all tangible personal property used in connection with any business or employment (with certain exceptions which need not be considered) for the period of one year from the date of the assessment. This act was repealed (P.L. 1903 p. 443 § 39); so that, at the present time, no statute is in existence giving a lien on the property of a partnership, although there is a statute which gives a lien on the property of corporations and in cases where assignments are made for the benefit of creditors. 4 Comp. Stat. p. 5182 §223. The only remedy now existing for the collection of taxes on personal property that is applicable to *Page 99 
this case is contained in section 606 of "An act for the assessment and collection of taxes." Rev. 1918; P.L. 1918 p.847 (at p. 874). This section makes it the duty of the collector, forthwith, after the 1st day of December, to enforce the payment of all taxes on personal property, c., by distress and sale of any of the goods and chattels of the delinquent in the county.
The question that arises is, Does this right of distress give a preference to the City in the distribution of the assets of the partnership?
In the case of Duryee v. U.S. Credit Co., 55 N.J. Eq. 311,
Vice-Chancellor Emery had occasion to investigate this question of the lien of the municipality for taxes, and held that under the act of 1888, supra, warrants for the unpaid taxes on personal, tangible property might be issued, and the personal property thus taxed, as well as other personal property, might be levied upon and sold under the warrant previous to the expiration of the year during which the lien continued, and that sale before the expiration of the lien was necessary in order to preserve the lien; provided, the sale under warrant of the property subject to the lien is the authorized method for collecting the tax.
Where there is a divestiture of the title to the property, the City may not destrain; otherwise, it may. 1 Clark Rec. 513;Maish v. Bird, 22 Fed. Rep. 180. The appointment of a receiver for a co-partnership prior to dissolution does not vest the title to the personal property in the receiver.
In the case of Brockhurst v. Cox, 71 N.J. Eq. 703 (at p.708); affirmed, 72 N.J. Eq. 950, the receiver of a partnership rejected the claim of Elizabeth A. Brockhurst on a chattel mortgage. One of the questions determined was the power of the receiver before and after the decree of dissolution. Vice-Chancellor Garrison said (at p. 708): "From the proofs in this suit it appears that the partnership is insolvent. Before a decree of dissolution, the receiver appointed pending the suit is nothing more than a custodian of the property, and represents nobody excepting the court, and represents it *Page 100 
solely for the purpose of conserving the property until the further order of the court. The court having taken the property in charge solely for the purpose of conservation, has not, by that act, attempted to adjudicate any claims nor to settle any rights. The suit may be discontinued, or in any one of a number of ways it may result in some disposition other than a final decree, the effect of which would be to revest the partnership with its property. After a decree of dissolution, however, the situation is entirely changed. The court, by such decree, determines that the partnership is dissolved; that its property must first go to pay the creditors of the partnership, and that such creditors will be ascertained by the court, their rights passed upon, and their debts, to the extent that the property will go toward that end, paid." He then held that from the time of the dissolution the debts were fastened upon the assets of the partnership as a lien in favor of subsisting creditors, and the receiver becomes their representative, with power, by suit or defense, to avoid any instrument which is void as against them. See, also, Ross v. Titsworth, 37 N.J. Eq. 333; PennsylvaniaSteel Co. v. New York City Railway Co., 198 Fed. Rep. 721, 728;Atlantic Trust Co. v. Chapman, 208 U.S. 360; 52 L.Ed. 528, 533col. 1; 28 Sup. Ct. 406; Booth v. Clark, 17 How. 322;15 L.Ed. 164, 168 col. 1; Quincy, M. P.R. Co. v. Humphreys,145 U.S. 82; 12 Sup. Ct. 787; 36 L.Ed. 632, 637 col. 2; Union NationalBank of Chicago v. Bank of Kansas City, 136 U.S. 223;10 Sup. Ct. 1013; 34 L.Ed. 341, 346 col. 1; Gaither v. Stockbridge,Receiver, 67 Md. 222; 9 Atl. Rep. 632; 10 Atl. Rep. 309; 1 ClarkRec. 513 § 441.
Dealing with the tax of 1923, the first half of the tax due, as provided in the law of 1918 (P.L. p 872 § 602), became delinquent on June 1st of that year, amounting to $375.80, with interest from that date; and the second half of the taxes for that year were unpaid, and the partnership became delinquent on December 1st. Thus it will appear that, under section 606,supra, it became the duty of the collector forthwith, after the 1st day of December, to enforce the payment *Page 101 
of said taxes by distress proceedings. At this time the property was in custodia legis under the order appointing the temporary receiver, and the collector was without authority to distrain without leave of the court. If he had applied to the court for leave to distrain, the court was bound either to permit such a proceeding or direct the receiver to pay the tax, because the title of the property was still in the partnership, and the receiver was a mere conservator. And the same may be said when the second order was made appointing the receiver permanently on December 3d; because, although the order directed the partners to convey to the receiver, that order did not, in effect, so divest the rights of the City, because there had been no decree of dissolution, and the receiver still continued as a conservator of the property for the persons untimately entitled to it. Instead of applying for leave to distrain, the City presented its claim (the date of which is not given) for these taxes (as well as for those of 1921 and 1922, which will be dealt with hereafter), and also presented its amended claim, sworn to on February 20th, 1925, service of which was acknowledged as within time by the solicitor of the receiver. No objection is raised to the fact that the City presented its claim instead of applying to the court for leave to distrain, and, I think, quite properly so.
In Noe v. Gibson, 7 Paige 513, Chancellor Walworth said: "Where the receiver is in possession of property upon which a third person has a claim for rent, the proper course for the landlord is to apply to the court, upon notice to the receiver, for an order that the receiver pay the rent, or that the landlord be at liberty to proceed by distress or otherwise, as he may be advised. See, also, Martin v. Black, 9 Paige 641; 2 Tayl. L. T. (8th ed.) § 594.
The conclusion I have reached is that the City would have had the right to distrain forthwith, after December 1st, 1923, and that the receiver took this property burdened with the right of the City to distrain by leave of the court, and, if it had distrained, the distress would have given a lien to the City prior to the claims of creditors. *Page 102 
Turning to the taxes levied for the years 1921 and 1922, if the act of 1888, supra, was, in effect, as a statute of limitations, it gave a lien for one year; and if the distress had not been made within the year the right to distrain was gone. When the legislature repealed the act of 1888, supra, it fixed no limitation of time on which the collector might distrain for taxes (Hettfield v. Plainfield, 46 N.J. Law 119, 122), except this, that it made the duty of the collector to proceed, by distress, forthwith, after the 1st day of December. Whether, in view of the enormous number of taxpayers who are delinquent, the city collector did not obey the statute (see tit. "Forthwith,"26 Corp. Jur. 997, word "Forthwith"), it is unnecessary for me to consider, because the taxpayer cannot take advantage of the failure of the collecting officer to proceed forthwith.
In the case of Hettfield v. Plainfield, supra, Mr. Justice Reed, speaking for the supreme court, said: "Nor is there any statute of limitations applying to the collection of taxes. No vested right to immunity from liability from the payment of taxes arises from a failure of the collecting officers to pursue the law within the periods provided by the tax statutes."
Counsel for the receiver also urges that there is no proof that the merchandise on which the tax was levied ever came to the hands of the receiver. This is unnecessary. In Mullins et al.
v. Mayor and Aldermen of Jersey City, 61 N.J. Law 135, Mr. Justice Dixon, speaking for the supreme court, said: "In executing such a warrant the city collector is not confined to the property for which the tax was assessed. The warrant commands him to make the tax of the goods and chattels of the person named therein," and Vice-Chancellor Emery, in Duryee v. U.S. CreditSystem Co., supra (at p. 312), says that "the personal property taxed, as well as the other personal property, might be levied upon and sold under the warrant, previous to the expiration of the year during which the lien continued."
I will therefore advise an order that the determination of the receiver be overruled. *Page 103