The question presented is one of priority of liens. The defendant company, insolvent and in the hands of a receiver, was located in the town of Boonton. The town had assessed the company for personal taxes before the receivership and after the receiver took possession it issued a distress warrant to recover the taxes, of which the receiver had notice. The personal assets came to the receiver subject to a chattel mortgage, antedating the assessment, and he sold them free of the mortgage and the taxes. The town claims priority of payment out of the proceeds, over the chattel mortgage. In Cranberry v. Chamberlin Barclay, Inc.,6 N.J. Mis. R. 39, our supreme court held that a tax on personal property is superior to the lien of a prior chattel mortgage by virtue of section 513 of the Tax act of 1918 (Cum. Supp. Comp.Stat. p. 3499), which provides that no assessment of tax shall be set aside for irregularity, c., and that the reviewing court in the event of defects, shall amend the assessment and fix the tax and "the same shall be and remain a first lien or charge upon the property and person and collectible in the manner provided by law, the same as if such tax or assessment had been legally levied, assessed or imposed in the first instance." Though the view generally had been that a tax on personal property was a debt and that a lien could be had only by a levy under a distress warrant, and that the lien feature of the section above quoted was intended to give a lien for the assessment made by the court only where the tax would have been a lien had it been legally imposed in the first instance, our court of errors and appeals unanimously affirmed the supreme court (105 N.J. Law 236) and by that ruling we are bound.
The distress warrant in this case was issued after the assets were in the possession of the receiver, in custodia legis, and a levy under it would have been a contempt, but its operation, in legal contemplation, is the same as if the levy had been made.Duryee v. United States Credit System Co., 55 N.J. Eq. 311.
The writ was in execution of a lien which *Page 493 
existed before the receivership and the receiver took cum onere.Mack Manufacturing Co. v. Citizens Construction Co., 85 N.J. Eq. 331.
The fact that the distress warrant was issued after title passed to the receiver, does not render its legal operation ineffective as against the mortgagee; and as to the receiver, he is duty bound to pay taxes out of the first moneys in his hands, whether there be a lien by levy or not. Under section 223 of the Tax act (Comp. Stat. p. 5182) taxes take precedence in receiver's distribution of the general estate. In the present instance the receiver is not making distribution; he is paying off and discharging liens on the funds in his hands.
The receiver is directed to pay the taxes.