J. ALDEN McLEAN, COLLECTOR, ETC., RELATOR, v. DELA-
WARE, LACKAWANNA AND WESTERN COAL COM-
PANY, RESPONDENT.

Argued and Decided January 16, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
BODINE.

For the relator, *Edward P. Stout.*

For the respondent, *William H. Osborne* (*George B. Astley,*
on the brief).

PER CURIAM.

At the argument the court directed the immediate entry
of judgment for the relator on the demurrer, to the end that
appeal might be taken forthwith. (See *Kenny* v. *Hudspeth,*
59 *N. J. L.* 504, 529; 37 *Atl. Rep.* 67), and argued at the
coming term of the Court of Errors and Appeals, if so ordered
by that court.

As pointed out in the memorandum filed by the Chief
Justice when awarding the alternative writ herein, and in the
writ itself, a tax was imposed on personal property of the
relator (consisting of coal), for 1932, which was appealed,
first to the county board, then to the state board, and reduced
to $24,150.59 of which $9,105.84 remains unpaid; and a
similar tax for 1933, similarly appealed and reduced, and
standing unpaid at the sum of $19,368.07. The defenses

set up in the return are two fold: (1) That although (as conceded at the argument), all the coal taxed has, in the course of two years been sold and removed, there remain certain items of personal property which should be distrained and sold, and the remedy in that direction first exhausted, and (2) that as the act of 1918, at page 848, section 202, provides that "the persons so assessed for personal property shall be personally liable for the taxes thereon," it contemplates, after exhaustion of the remedy by distress, an action at law in the nature of an action of debt, to recover the tax unpaid. We think that neither point is well taken; and that *mandamus,* in the present case, was properly invoked.

As to the first proposition, it is frankly conceded that a distress and sale thereunder would not produce any substantial amount in reduction of the tax due. The remedy is distinctly inadequate; and the case in this aspect is therefore within the rule laid down in *Person* v. *Warren Railroad Co.,* 32 *N. J. L.* 441.

As to the second proposition: The act does not say that the tax is recoverable as a debt. What it does say that a person "assessed for personal property shall be personally liable." We may assume, for present purposes, without deciding, that this clause includes corporations. As to natural persons, the remedy provided by section 606 of the same act, after failure of distress proceedings, is summary imprisonment. *Pamph. L.* 1918, *p.* 874. As a corporation cannot be imprisoned, the question arises, what, on failure or manifest inadequacy of a distress, is available as a means of enforcing payment? If distress will be ineffective, will a judgment and execution fare any better? The natural answer is in the negative. Recurring to the Person case, we have a situation here that is parallel in all respects. In that case, as here, the corporation attacked the tax by legal proceedings and pending the final adjudication the taxed personalty disappeared and the other available property was inadequate. Counsel draw the distinction that in the earlier case there was a *certiorari* and in this case an appeal to the county board and then to the state board. We think it is a distinction without a difference, and that, as in the Person case, a voluntary sub-

mission to the statutory tribunals connotes an amenability to suitable legal process to enforce their adjudication.

In *Wrightstown* v. *Salvation Army,* 97 *N. J. L.* 89; 123 *Atl. Rep.* 607, the late Mr. Justice Kalisch, sitting alone, held that a suit at law for a tax, apparently as a debt, would not lie in case of a tax on real estate. The inference he drew may have been that because of the language of section 202 such suit was contemplated by the legislature. We think it does not follow; and that as one may be "personally liable" in *mandamus* as in an ordinary suit at law, and effectively so only in an action of *mandamus,* and that remedy is sustained by an old and well considered decision of this court, the relator is entitled to judgment on the demurrer.