R. C. STANHOPE, INC., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF-RESPONDENT, v. TOWNSHIP OF NORTH BERGEN, IN THE COUNTY OF HUDSON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October 30, 1942—Decided January 22, 1943.

For the plaintiff-respondent, *Moskowitz & Reitman* (*Joseph Moritz,* of counsel).

For the defendant-appellant, *Nicholas S. Schloeder.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This appeal is from a judgment of the Hudson County Circuit Court awarding possession of a chattel to the plaintiff in replevin against the municipal defendant. The complaint avers that on September 16th, 1941, the plaintiff was the owner of a certain steam shovel and entitled to its possession and that the defendant, Township of North Bergen, wrongfully took and retained same and has refused a demand for its return.

The answer avers that the chattel was owned by the Luckenback Trap Rock Co. and that on September 16th, 1941, the tax collector distrained the chattel for non-payment of personal taxes assessed against it which amounted to $3,699.81 and that pursuant to the levy and distraint the tax collector thereafter offered the chattel at public sale and that it was bid in by the Township. A further defense avers that from the time of the assessment of said taxes "a paramount lien arose in favor of the taxing district superior to the plaintiff's title acquired by the sale to it from the Luckenbach Com-

pany." It is undisputed that the chattel in question was assessed for personal property taxes for the years 1931, 1932 and 1933 and that prior to the sale of the chattel to the plaintiff on September 16th, 1941, the municipality had *not* distrained the property for the collection of these taxes. The learned trial judge denied the defendant's motion for nonsuit and direction of verdict and granted plaintiff's motion for the direction of a verdict in its favor. Judgment was entered accordingly, hence the municipality appeals.

The question in the case may be simply stated as follows: Does a personal property tax *ipso facto* become a lien on the taxpayer's chattel by virtue of the assessment of the tax? The appellant taxing district here contends that it does. We are unable to agree with that contention. There is no case exactly in point and no statute has been cited to indicate that a tax on personal property is a lien thereon until proceedings are taken to enforce it. Certain of our cases, which will have attention later, and a provision of the statute, *N. J. S. A.* 54:4-60, seem to lend color to the appellant's argument, but we are satisfied that there is no substance in it. The case that undoubtedly started the trend toward the theory for which the appellant contends is *Cranbury Township* v. *Chamberlain & Barclay,* 6 *N. J. Mis. R.* 39. Therein a District Court judgment was affirmed by the Supreme Court and on appeal this court (105 *N. J. L.* 236; 143 *Atl. Rep.* 916) affirmed on the Supreme Court opinion. In that, as in the instant case, certain chattels were sold upon which taxes were due. But the difference between that case and this is that *before* the sale in the *Cranbury Township* case the chattels had been distrained for the unpaid personal taxes. The municipality brought suit and recovered a judgment against the purchaser for the unpaid taxes. We make no comment on this novel way of collecting taxes. Perhaps it was justified on a stipulation between the parties which submitted to the court the question of whether or not taxes due on personal property for which distress proceedings were had *before* the sale, created a lien paramount to the title acquired by the purchaser at a chattel mortgage foreclosure. The trial court held that in the circumstances a paramount lien arose

in favor of the municipality because of the distress proceedings prior to sale. That was the only question in the case. The Supreme Court and, as has been said, this court, affirmed. The Supreme Court, in its opinion, however, went beyond that issue and held that section 513, page 870, Revision of 1918 (now *N. J. S. A.* 54:4-58, in substance), was further authority for the Township's claim to the unpaid taxes. The Supreme Court said (referring expressly to section 513, *supra,* as it then stood) : "We think this language is sufficiently explicit to constitute a tax or assessment, regularly levied in the first instance, against person or property, a first lien upon personal property." This statement was *dicta,* was an erroneous conception of the meaning of the statute and is overruled. Our law in the matter of collection of taxes is substantially the same now as it was in 1931, 1932 and 1933 when the assessments were placed on the personal property involved here by the taxing district.

The appellant sets forth the statute, upon which it relies, in its brief. The following provision is cited: (54:4-60)— "The tax, assessment or water rate when so fixed shall be a first lien or charge upon the property and persons, and collectible in the manner provided by law, the same as if it had been legally levied, assessed or imposed in the first instance by the board or body attempting to make, impose or levy it. The court shall make a proper levy, imposition or assessment in all cases in which there may lawfully be an assessment, imposition or levy."

This section of the statute, in our opinion, has no relevancy at all to the question before us. This is not a case where it is said that the assessment in question was other than "legally levied, assessed or imposed in the first instance;" nor is there any occasion for the court to "make a proper levy, imposition or assessment in all cases in which there may lawfully be an assessment imposed or levied." The quoted excerpt is a part of the general statutory provision found under article 6, entitled "Completion and Review of Assessments" of Title 54 and beginning at *N. J. S. A.* 54:4-35. Certain sections of the statute, placed under article 6, including 54:4-58, 59 and 60, were without doubt intended by the legislature as a

means of retaining rights or liens which would have existed in favor of the taxing district but for errors in assessing, &c., and these sections, read together, provide the legal machinery for making the corrections. They are all in *pari materia* and are remedial in their effect. Thus, in our opinion, the statute, *N. J. S. A.* 54:4-60, instead of being intended to create tax liens, is, when read in the light of its setting and context, intended only to retain and vitalize such rights or liens which, but for error, inaccuracy or irregularity, would have been perhaps lost to the municipality.

To return to the cases: the issue in the *Cranbury Township* case therefore was whether a chattel mortgagee's lien was prior to a personal tax assessment for the enforcement of which a distress warrant had already been issued. The court held that since distress proceedings had been initiated before the sale of the chattel the tax was a prior lien. That conclusion is undoubtedly sound. The opinion also declared: "It is undoubtedly the settled law in this state that taxes or assessments do not become liens upon property except by virtue of express legislation and are collectible only in the manner provided by statute." And this, in our judgment, is the law to-day.

The *dicta* which we have criticized and expressly overruled above would create a chaotic condition in the matter of chattels. It requires but little imagination to visualize the result if one who purchased goods from a merchant could not be sure that the article bought was free of a prior tax claim.

The misleading doctrine of the *Cranbury Township* case was followed in the case of *Pasquariello* v. *Arena Twine & Cordage Co.*, 108 *N. J. Eq.* 491; 155 *Atl. Rep.* 608. Vice-Chancellor Backes, who wrote the opinion in that case, manifestly was not persuaded that the doctrine of the *Cranbury Township* case was sound but felt bound to follow it because of the affirmance in this court. Among other things the learned Vice-Chancellor said: "The view generally had been that a tax on personal property was a debt and that a lien could be had only by a levy under a distress warrant and that the lien feature of the section above quoted [section 513, chapter 236, *Pamph. L.* 1918] was intended to give a lien

for the assessment made by the court only where the tax would have been a lien had it been legally imposed in the first instance, * * *." The learned Vice-Chancellor again followed the doctrine of the *Cranbury Township* and *Pasquariello* cases in the case of *Chase Brass and Copper Co.* v. *Bart Reflector Co.*, 111 *N. J. Eq.* 59; 161 *Atl. Rep.* 54. So also did learned opinion writers in the following cases: *Spark* v. *La Riene Hotel Corp.*, 112 *N. J. Eq.* 398; 164 *Atl. Rep.* 589; *Bea* v. *Turner & Co.*, 115 *N. J. Eq.* 189; 169 *Atl. Rep.* 832, and *Decker* v. *Decker Building Material Co.*, 118 *N. J. Eq.* 177; 178 *Atl. Rep.* 196. However that may be, we are of the opinion that a personal property tax or assessment does not become a lien until the statutory proceeding to enforce same is taken by levy under a distress warrant (*N. J. S. A.* 54:4-78, *et seq.*).

The balance of the appellant's argument requires neither statement nor discussion. There is no substance in it.

The judgment under appeal is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.