89 N.J. Super. 584 (1965)
215 A.2d 788
KEITH MACHINERY CORPORATION, A NEW YORK CORPORATION, PLAINTIFF,
v.
THE BOROUGH OF SOUTH PLAINFIELD AND JOHN BORI, TAX COLLECTOR, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 17, 1965.
*586 Mr. Robert Silver for plaintiff (Messrs. Bilder, Bilder, Silver & McCurley, attorneys).
Mr. John T. Keefe for defendants (Mr. Edward J. Santoro, attorney).
GEROFSKY, J.S.C.
This is a declaratory judgment action involving the construction of an act of the Legislature known as the Moving Permit Statute (N.J.S.A. 40:52A-1 et seq.) and an ordinance enacted on October 13, 1949, by the Borough of South Plainfield pursuant to said statute. Plaintiff Keith Machinery Corporation, a New York corporation, further demands the return of $1525 held by the borough attorney. Defendants Borough of South Plainfield and Tax Collector John Bori claim this money as a condition for a removal permit granted to plaintiff under the aforesaid statute and ordinance. Neither counsels' nor the court's research has produced any authority construing the Moving Permit Statute or the ordinance of the Borough of South Plainfield here under consideration, or any similar legislation elsewhere.
*587 The facts of the case are not in dispute. Plaintiff purchased certain personal property on February 24, 1965. Some of the property was purchased from Specialty Plastics Processors, Inc., a New Jersey corporation hereinafter referred to as "Specialty." The bulk of the property was purchased from Keaton Rubber Co., a New Jersey corporation hereinafter referred to as "Keaton." The property purchased from Keaton had previously been owned by Specialty, subject to a chattel mortgage held by Keaton, and had been surrendered by Specialty to Keaton on February 24, 1965. On March 9, 1965 plaintiff sold the property in question at auction sale subject to the provision that plaintiff would remain the owner of the property until delivery thereof to the respective purchasers.
On March 10, 1965, plaintiff was advised by the tax collector of the borough that a moving permit was required to transport or deliver the property and that such a permit would not be issued until plaintiff paid the outstanding personal property taxes assessed against Specialty for 1965 and prior years. Plaintiff denied that it was liable for the payment of those taxes as a condition for obtaining a moving permit. The parties finally agreed that a permit would be issued upon plaintiff's depositing the sum of $1525 with the borough attorney pending judicial determination of the matter.
The principal issue before this court, then, is whether an owner of personalty is liable for the payment of personal property taxes assessed against a prior owner of the property sought to be removed, as a condition to the issuance of a removal permit.
A further issue is presented to the court through plaintiff's contention that if the municipality's construction of the statute be correct, then the Moving Permit Statute violates N.J. Const., Art. IV, § VII, par. 4, which provides that "every law shall embrace but one object, and that shall be expressed in the title." Plaintiff argues that requiring a present owner of personal property to pay the unpaid taxes of a prior owner is in effect the imposition of a new tax, whereas the title of *588 the act in question is, "An Act relating to the collection of certain tangible personal property taxes in certain municipalities"; and that therefore the statute embraces more than one object, both imposition and collection, and one of the objects, imposition of a tax, is not expressed in the title of the act.
The point is presented, not as an attack on the constitutionality of the statute, but as an additional argument that, according to accepted principles of statutory construction, a court should strive to construe a statute so that its constitutionality will be maintained. In view of the ultimate holding of the court, the matter becomes moot. Parenthetically, I point out that notice of the pendency of this suit was given to the Attorney General of the State of New Jersey, presumably pursuant to R.R. 4:37-2, and he has declined to intervene.
The issue of liability for taxes assessed against a prior owner of the property sought to be removed requires an examination of the language of the Moving Permit Statute and of the ordinance enacted by the defendant borough. Since the wording of the enabling act is identical to that of the corresponding sections of the ordinance in question, except for minor variations not here relevant, the court shall treat with the enabling act, which perforce will be dispositive of the ordinance for the purposes of this case.
N.J.S.A. 40:52A-2 authorizes any municipality to enact an ordinance requiring the owner of tangible personal property to apply for a permit from the tax collector of the municipality before removing the property from the premises. N.J.S.A. 40:52A-4 authorizes the requirement that all personal property taxes assessed against the owner of the property be paid before the issuance of a permit. The wording of the statute, which is critical to a determination of the issue, is as follows:
"The ordinance may provide that upon the filing of such application as aforesaid it shall be the duty of the tax collector to ascertain forthwith the total amount of taxes due that have been charged or assessed *589 against the person owning or claiming to own the tangible personal property sought to be transported or removed and which have not been paid at the time of the making of such application but excluding any taxes assessed or charged for real property, together with the interest and other charges thereon, and to notify the person making such application the total amount due for such taxes, interest and other charges. The ordinance may provide that when such application is made during or after the period provided by statute for the assessment of taxes for any year, the person owning or claiming to own the tangible personal property sought to be removed or transported shall be liable to pay not only the taxes priorly assessed and unpaid as aforesaid but shall also be liable to pay the taxes for the year for which assessment is being made at the time of such application; * * *." (Emphasis added)
It is the italicized phrase that is particularly in issue. It is not disputed that taxes can be assessed only against the person owning or claiming to own the property; the question here is which assessments must be paid by the applicant. Defendants contend that the applicant must pay those taxes assessed against the person owning the property at the time assessments were made in prior years. Plaintiff, on the other hand, contends that the applicant must pay only those taxes assessed against the person owning the property at the time of application for a moving permit. Each party argues that his interpretation results from the plain language of the statute.
In Albert F. Ruehl Co. v. Bd. of Trustees, Industrial Ed., 85 N.J. Super. 4 (Law Div. 1964), Judge Labrecque relates a sound basis for the resolution of the issue, in the following language:
"Where the application of a statute is involved it is the duty of the court to determine the legislative intention from the plain meaning of the statute and to apply it to the facts. Watt v. Mayor, etc., of Franklin, 21 N.J. 274, 277 (1956). Ordinarily, such intention is to be gleaned from the words used, and they are to be given their ordinary and well understood meaning in the absence of an explicit indication to the contrary. Scatuorchio v. Jersey City Incinerator Authority, supra, 14 N.J., at page 87; Grogan v. DeSapio, 11 N.J. 308, 323 (1953)." (at pp. 12-13)
The principle thus enunciated is one of the cardinal rules of statutory construction. State ex rel. Board of Water Commissioners, *590 etc. v. Brewster, 42 N.J.L. 125 (Sup. Ct. 1880). It is recognized by the Legislature in N.J.S.A. 1:1-1, which reads, in part, as follows:
"In the construction of the laws and statutes of this state, both civil and criminal, words and phrases shall be read and construed with their context, and shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language."
Upon application of the rule to N.J.S.A. 40:52A-4, I find that the generally accepted meaning of the words used and the grammatical construction of the section clearly lead to the conclusion that the applicant for a moving permit must pay those taxes assessed to him but not those assessed to a prior owner; and I so hold.
The statute provides that the applicant must pay "the total amount of taxes due that have been charged or assessed against the person owning or claiming to own the tangible personal property sought to be transported or removed and which have not been paid at the time of the making of such application." The words "owning or claiming to own" are in the present tense, and the time in question is stated at the beginning of the sentence, "upon the filing of such application." If the Legislature had intended to impose a liability for taxes assessed against prior owners, it would have said, "taxes charged or assessed against any person who has owned or has claimed to own the property," or words to that effect. As written, the statute does not impose such liability.
Furthermore, since N.J.S.A. 40:52A-2 requires "every person owning or claiming to own any tangible personal property * * * and who desires to transport or remove the same" to file an application for a removal permit, the person owning or claiming to own the personal property and the person filing the application are one and the same person for the purposes of that section. Where a word or phrase occurs more than once in a statute, it should have the same *591 meaning throughout, unless there is a clear indication to the contrary. Oldfield v. New Jersey Realty Co., 1 N.J. 63 (1948); Ford Motor Co. v. New Jersey Dept. of Labor & Industry, 7 N.J. Super. 30 (App. Div. 1950), affirmed 5 N.J. 494 (1950); In re Allen's Estate, 23 N.J. Super. 229 (Ch. Div. 1952). Since there is no clear indication to the contrary, the phrase "person owning or claiming to own," as it appears in N.J.S.A. 40:52A-4, is to be read with the same meaning as it has in N.J.S.A. 40:52A-2, where it means the person filing the application. Thus, the assessments referred to in N.J.S.A. 40:52A-4 are those against the person owning the property at the time of filing the application and not those against a person who has owned the property at any other time.
It is the second sentence of N.J.S.A. 40:52A-4 which imposes the liability for the tax: "(T)he person owning or claiming to own the tangible personal property sought to be removed or transported shall be liable to pay * * * the taxes priorly assessed and unpaid as aforesaid * * *." The words "as aforesaid" indicate that the liability for "taxes priorly assessed" refers back to the first sentence of the section, which deals with taxes priorly assessed to the applicant.
Defendants contend and argue that the title of the statute supports their interpretation. I find no merit in the contention. Moreover, the title of a statute is a label, not an index, and it has been held that it should not be scrutinized with an overly technical eye. Albert F. Ruehl Co. v. Bd. of Trustees, Industrial Ed., supra.
Defendants refer to taxes assessed against the personal property. The statute reads, "taxes * * * charged or assessed against the person * * *." (Emphasis added) In imposing the personal property tax, N.J.S.A. 54:4-9 provides that the "person lawfully assessed shall be personally liable for the payment of the tax so computed and assessed." There is no provision for an automatic lien on personal property at the time of assessment, as in the case of real property under N.J.S.A. 54:5-6. It is settled, and defendants agree, *592 that a municipality does not obtain a lien on personal property until distress proceedings are taken under N.J.S.A. 54:4-78. See Newark Steel, etc. v. Pearl Metal Products, Inc., 78 N.J. Super. 335 (Ch. Div. 1962), and R.C. Stanhope, Inc. v. North Bergen Twp., 129 N.J.L. 513 (E. & A. 1943). In the absence of a distraint before the ownership is transferred to another person, the tax collector loses his right to distrain. See R.C. Stanhope, Inc. v. North Bergen Twp., supra, Manzo v. Manzo, 99 N.J. Eq. 97 (Ch. 1926); and Maish v. Bird, 22 F. 180 (S.D. Iowa 1884) (cited in Manzo v. Manzo, supra). The theory is that if the tax collector has not acted quickly enough to enforce his statutory remedies, it is unfair to place the burden of paying the tax on a subsequent owner.
The rule that a subsequent owner is not liable for personal property taxes assessed to a prior owner, or to distress and sale therefor, is firmly rooted in the law. If the Legislature had intended to change this rule through the Moving Permit Statute, it could and should have done so much more explicitly. It is true that the Moving Permit Statute does not impose personal liability on a subsequent owner, nor does it authorize the tax collector to seize and sell the property in the hands of a subsequent owner. Defendants, however, would have this court say that the subsequent owner nevertheless must pay the tax if he wants to exercise one of the normal incidents of ownership, namely, moving the property. On this point defendants argue that taking property out of the taxing jurisdiction is a "privilege," and that a tax may be imposed on the exercise of a privilege. Suffice it to say that to hold the plaintiff liable here would impose almost as great a burden on purchasers as the courts in the cases above cited refused to impose without explicit statutory authority. Under defendants' interpretation, if a prospective purchaser had any thoughts of removing the property from the municipality, he would have the burden of checking if there were any taxes unpaid by the seller or  on the same theory  by any of the prior owners. It should be noted that *593 in the instant case, the bulk of the property was purchased from Keaton, an owner subsequent to Specialty, against whom the assessments were made.
Defendants argue that to accept plaintiff's interpretation would leave municipalities helpless against the evasion of personal property taxes by shrewd citizens who would merely sell their property to others to take free of the tax, while the original owner would no longer have any property for the tax collector to distrain. Even if this were a realistic supposition, the tax collector is not left without a remedy. He can distrain promptly, as is his duty under N.J.S.A. 54:4-78. Under that section, the tax collector may distrain "any of the goods and chattels of the delinquent in the State" and is not limited to the particular piece of property which was subject to assessment.
I call attention here to N.J.S.A. 54:4-79, which provides for imprisonment of the delinquent until the tax is paid, although this remedy is, of course, unavailable against a corporation. City of Newark v. Joseph Hollander, Inc., 136 N.J. Eq. 539 (Ch. 1945), affirmed 138 N.J. Eq. 112 (E. & A. 1946); Murphy v. Joseph Hollander, Inc., 131 N.J.L. 165 (Sup. Ct. 1943); McLean v. Delaware, L. & W. Coal Co., 13 N.J. Misc. 83, 176 A. 557 (Sup. Ct. 1935). The courts of this State have allowed a writ of mandamus against a delinquent corporation when the statutory remedies were inadequate to collect the tax and after it had been judicially determined that the tax was owing from the corporation. Person v. Warren R.R., 32 N.J.L. 441 (Sup. Ct. 1868), and McLean v. Delaware, L. & W. Coal Co., supra. Furthermore, it has been held that when a corporation is dissolved without formal notice thereof being filed, so that the tax collector is deprived of the opportunity to distrain against the corporate assets, the stockholders and trustees in dissolution may be liable for the unpaid taxes to the amount of corporate assets distributed. City of Newark v. Joseph Hollander, Inc., supra. It is clear, then, that municipalities are not helpless in their attempts to collect taxes from those *594 individuals or corporations who are unwilling to pay the tax.
However, defendants contend that even though the tax collector has these remedies, the Legislature saw fit to provide him with an additional remedy, and that to fail to apply the Moving Permit Statute in the case at bar would render the statute nugatory. This contention is without merit. Assuming that the statute requires payment of the tax only in the event that the person assessed wants to move his property, this construction affords a remedy to the tax collector which he did not have prior to the passage of this act. Without this remedy, if the person assessed removed his property from the jurisdiction before the tax collector distrained, the taxes might never be collected, or would be collected only with great difficulty. The Moving Permit Statute protects the municipality in this instance and is therefore not nugatory.
Defendants, however, urge the court to construe the statute in an even broader scope, to cover removal of the property by a subsequent owner. In support of this contention defendants point out the necessity of collecting taxes. On that point I need only to note that tax laws must be imposed by the Legislature and not by the courts. This principle was enunciated in Shackelton v. Board of Councilmen of Town of Guttenberg, 39 N.J.L. 660 (Sup. Ct. 1877):
"Every lawful tax rests upon legislative enactment, and subordinate bodies that seek to impose such a burden upon the citizen, must be able to show a power so to do, derived from positive statute. * * * [T]he power of taxation is a high prerogative of sovereignty, and one whose exercise directly divests the citizen of his property * * *. Nothing short of express words or necessary implication will answer the purpose." (at pp. 662-663)
The court does not find the express words or positive power to authorize the imposition of a tax burden in the circumstances of this case for the reasons heretofore stated.
Statements appended to bills before passage are useful aids in ascertaining legislative intent, although a considered *595 judgment as to the weight to be accorded them must be exercised. Howard Savings Inst. v. Kielb, 38 N.J. 186 (1962), and Morris & Essex Invest. Co. v. Director of Division of Taxation, 33 N.J. 24 (1960). Mindful of this cautionary rule, and having already reached a conclusion as to the meaning of the statute, I find that the statement attached to the bill which was finally enacted as the Moving Permit Statute offers support for my conclusion and clarification of the legislative intent. The statement reads, in part, as follows:
"This bill is designed to provide an effective means for the collection of taxes assessed on tangible personal property. In the past, removal of persons owing such taxes has resulted in forced abatement of thousands of dollars of this type of taxes. * * * Passage of this act will insure municipalities against further loss of such revenues." (Emphasis added)
Defendants rely on this statement in support of their position. I fail to see any merit in that argument. The statement evidences an intent to require the person assessed to pay his own taxes due before removing the property from the taxing jurisdiction, and not to require payment of taxes assessed to a prior owner of the property sought to be removed.
In view of the conclusion and holding aforesaid, it is unnecessary to consider the constitutional argument raised by the plaintiff.
Holding as I do that under the Moving Permit Statute and the ordinance in question an applicant for a moving permit is not required to pay personal property taxes assessed to a prior owner, I render judgment accordingly and order the borough attorney to return the sum of $1525 to the plaintiff. Counsel will submit an order pursuant to R.R. 4:55-1.